**Case No. 13-1868**

_____

# In the United States Court of Appeals for the Fourth Circuit

_____

**James E. Joyner,**

*Plaintiff-Appellee,*

**v.**

**Crane Co.,**

*Defendant-Appellant.*

*(Case Caption Continues on the Following Page)*

_____

On Appeal from the United States District Court for
the District of Maryland

_____

**BRIEF OF APPELLANT CRANE CO.**

_____

| | |
|---|---|
| **K&L GATES LLP** | **MacDonald Law Group, LLC** |
| Nicholas P. Vari | Neil J. MacDonald |
| Michael J. Ross | 11720 Beltsville Dr., Suite 550 |
| Syed D. Ali | Beltsville, Maryland 20705 |
| K&L Gates Center | (301) 313-3262 ● (877) 654-2658 (f) |
| 210 Sixth Avenue | |
| Pittsburgh, PA  15222 | |
| (412) 355-6500 ● (412) 355-6501(f) | |

*Counsel for Defendant-Appellant Crane Co.*

A.C. & R. Insulation Co., Inc.; Allen-Bradley Company, Inc.; Allis-Chalmers Energy, Inc.; Air & Liquid Systems Corporation, Successor by Merger to Buffalo Pumps, Inc.; A.O. Smith Corporation; Armstrong International, Inc.; Aqua-Chem, Inc., d/b/a Clever-Brooks Division; Aurora Pump, Co.; A.W. Chesterton, Inc.; BW/IP, Inc.; and its wholly owned subsidiaries as successor-in-interest to BW/IP; Carrier Corp.; CBS Corporation, f/k/a Viacom, Inc., as successor to Westinghouse Electric Corp.; Certaineed Corporation; Cleaver-Brooks Company; Columbia Boiler Company; Crown Cork & Seal Company, Inc.; Eaton Electrical, Inc., f/k/a Cutler Hammer, Inc.; Elliott Company I, f/k/a Elliott Turbomachinery Co. Inc.; FMC Corporation, individually, on behalf of its Former Construction Equipment Group & Former Peerless Pump Division; Foster-Wheeler LLC; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC, a/k/a Gardner Denver, Inc., f/k/a Nash Elmo Industries, LLC; General Electric Company; Georgia-Pacific LLC; The Goodyear Tire & Rubber Company, individually and as successor-in-interest to Durabla Manufacturing; Goulds Pumps, Inc.; a subsidiary of ITT Industries, Inc.; The Griscom-Russell Company, f/k/a The Dial Corporation, a Delaware Corporation; H.B. Fuller Company, Successor/or parent of Benjamin Foster Division of Amchem Products, Inc.; H.B. Smith Company, Inc., a/k/a Smith Cast Iron Boilers; Honeywell International, Inc.; Hopeman Brothers, Inc.; IMO Industries, Incorporated, individually and on behalf of and successor to DeLaval; DeLaval Stream Turbine Co., IMO DeLaval and Warren Pump Co.; Ingersoll-Rand Company; International Paper Company, Inc.; John Crane, Inc.; Kaiser Gypsum Company, Inc.; McNally Industries, Inc., individually and as successor-in-interest to Northern Pump Company and Northern Fire Apparatus  Company; MCIC, Inc., f/k/a McCormick Asbestos Co.; Metropolitan Life Insurance Co.; National Service Industries, Inc.; f/k/a North Brothers, Inc.; Owens-Illinois, Inc.; Rapid-American Corporation; Riley Power, Inc., f/k/a Babcock Borsig, Inc., f/k/a Riley Stocker Corporation; SB Decking, Inc., f/k/a Selby, Battersby & Company; Sealing Equipment Products Co. Inc.; Siemans Demag Delaval Turbomachinery, Inc., f/k/a Demag Delaval Turbomachinery, Inc.; Schneider Electric USA, Inc.; f/k/a Square D Company; Union Carbide Corporation; Uniroyal, Incorporated; Valen Valve Corporation; Wallace & Gale Asbestos Settlement Trust; The Walter E. Campbell Company, Inc.; Warren Pumps, LLC, f/k/a Warren Pumps, Incorporated; Weil Pump Company Inc.; Weil-McLain, Inc.; Yarway Corporation; Rockwell Automation, Inc., successor-in-interest to Allen-Bradley Co.

*Defendants.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to F.R.A.P. 26.1 and L.R. 26.1, Defendant-Appellant Crane Co. states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

The following corporations, unincorporated associations, partnerships, or other business entities which are not parties, but who may have a financial interest in the outcome of the above-captioned litigation by virtue of their status as potential insurers of Defendant Crane Co., are as follows: Globe Indemnity; Liberty Mutual; Hartford; Aetna; Continental; INA; Underwriters at Lloyds of London and London Market Companies; The Employer's Reinsurance Corporation of Kansas City, Kansas; The Home Insurance Company; Fireman's Fund Insurance Company; American Home Assurance Company; American Reinsurance Company; Aetna Casualty and Surety Company; Midland Insurance Company; Highlands Insurance Company; Granite State Insurance Company; Lexington Insurance Company; Prudential Reinsurance Company; The North River Insurance Company; AIU Insurance Company; Boston Old Colony Insurance Company; Insurance Company of North America; Northbrook Excess and Surplus Insurance

Company; Employers Mutual Casualty; American Excess Insurance;
Transit Casualty Company; First State Insurance Company; New
England Reinsurance Corporation; Employers Insurance of Wausau;
Government Employees Insurance Company; Motor Vehicle Casualty
Insurance; Mission Insurance Company; Dairyland Insurance
Company; Century Indemnity Company; Centaur Insurance Company;
Twin City Fire Insurance Company; Transamerica Insurance Company;
American Centennial Insurance Company; National Union Fire
Insurance Company of Pittsburgh, Pennsylvania; Pacific Insurance
Company; Integrity Insurance Company.

# TABLE OF CONTENTS

<u>**Page**</u>

TABLE OF AUTHORITIES....................................................................iv

JURISDICTIONAL STATEMENT ....................................................... 1

STATEMENT OF THE ISSUES PRESENTED ....................................... 2

STATEMENT OF THE CASE .............................................................. 3

STATEMENT OF THE FACTS ............................................................ 5

SUMMARY OF ARGUMENT ............................................................. 9

ARGUMENT ................................................................................... 11

I.   Standard of Review. ................................................................ 11

II.  Crane Co. is entitled to have the merits of its colorable federal
     defense to the four claims in Plaintiff's Complaint heard in a
     federal forum; none of those four claims was dismissed. ............. 11

     A.   Crane Co. properly removed this lawsuit and the
          district court exercised jurisdiction over it. ......................... 11

     B.   There was no statutory basis for the district court to
          relinquish its jurisdiction. ................................................ 14

III. The district court erred because it did not consider whether other
     bases for subject matter jurisdiction exist, when several exist. .... 18

     A.   Even assuming, *arguendo*, that Plaintiff's allegations
          regarding alleged exposures to Crane Co. valves
          provided the only basis for the district court's
          jurisdiction, those allegations remain, and subject
          matter jurisdiction continues to exist. ................................ 20

     B.   Crane Co. did not waive its federal defense or fail to
          assert it regarding Plaintiff's allegations of exposure
          to gasket material. ........................................................ 22

IV.  No state-law claims predominate in this lawsuit for purposes of
     28 U.S.C. § 1367(c)(2). ....................................................... 25

     A.   Severance and remand frustrates judicial economy. .......... 27

CONCLUSION ................................................................................ 28

**TABLE OF AUTHORITIES**

Page(s)

Federal Cases

*Allman v. Hanley*, 302 F.2d 559 (5th Cir.1962) ..................................... 23

*Arizona v. Manypenny*, 451 U.S. 232 (1981) ................................ 13, 19, 20

*Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730 (4th Cir. 2009) ............ 11

*Brantley v. Borg-Warner Morse Tec, Inc.*, No. 12-cv-540 AJB, 2012
    WL 1571129 (S.D. Cal. May 3, 2012) ............................................ 17

*Burks v. Pate*, No. 302-40144, 2005 WL 4859266  (D.S.C. Aug. 5,
    2005) ................................................................................................. 23

*Carlsbad Technology, Inc. v. HIF BIO, Inc.*, 556 U.S. 635 (2009) .......... 11

*E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574 (4th Cir. 2013) .............. 13

*Ennis v. Town of Kill Devil Hills*, No. 12-cv-9-F, 2012 WL 1473391
    (E.D.N.C. Apr. 27, 2010) ............................................................... 16

*Environmental Dynamics, Inc. v. Robert Tyer and Assocs., Inc.*,
    929 F. Supp. 1212 (N.D. Iowa 1996) ....................................... 15, 16

*Goodrich v. Burlington N. R.R. Co.*, 701 F.2d 129 (10th Cir. 1983) ....... 21

*Hammett v. Welsh*, No. DKC 2005-1274, 2005 WL 3307355 (D. Md.
    Dec. 6, 2005) ................................................................................... 21

*Henry v. Indep. Am. Savs. Ass'n,* 857 F.2d 995 (5th Cir. 1988) ............. 15

*Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611 (4th Cir. 2001) ............ 27

*In re: Asbestos Liability Litigation (No. IV) (Barnes)*, 770 F. Supp.
    2d 736 (E.D. Pa. 2011) .................................................................... 12

*Jamison v. Wiley*, 14 F.3d 222 (4th Cir. 1994) ................................. 13, 19

*Jarvis v. Roberts*, 489 F. Supp. 924 (W.D. Tex. 1980) ...................... 17, 23

*Johnson v. Showers*, 747 F.2d 1228 (8th Cir. 1984) .............................. 21

*Kluka v. Anco Insulations, Inc.*, Case No. 08-84-JJB-SCR, 2008
    WL 2444517 (M.D. La. Apr. 28, 2008) ......................................... 28

*Lontz v. Tharp*, 413 F.3d 435 (4th Cir. 2005) ........................................ 11

*Martinez v. Am.'s Wholesale Lender*, No. 09-05630 WHA, 2010 WL
    653187  (N.D. Cal. Feb. 22, 2010) ................................................. 16

iv

*McNerny v. Nebraska Public Power District*, 309 F. Supp. 2d 1109 (D. Neb. 2004)................................................................................26

*Mesa v. California*, 489 U.S. 121 (1989) ................................................13

*Ownby v. Cohen*, No. 02-cv-00034, 2002 WL 1877519 (W.D. Va. Aug. 15, 2002)................................................................................15

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)............................1

*Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012)..............................11

*Seigfried v. Allegheny Ludlum Corp.*, No. 09-125, 2009 WL 1035001 (W.D. Pa. Apr. 17, 2009)..................................................27

*Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)............13

*Thompson v. Wheeler*, 898 F.2d 406 (3d Cir. 1990) ...............................21

*United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C.*, 569 F. Supp. 2d 658 (E.D. La. 2008) ........................................................27

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)............26

*Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142 (2007)...................11, 13

*Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006) ..12, 18

*Willingham v. Morgan*, 395 U.S. 402 (1969) ....................................13, 24

## Federal Statutes

28 U.S.C. § 1291 ........................................................................................1

28 U.S.C. § 1367 ................................................................................ passim

28 U.S.C. § 1442(a)(1)....................................................................1, 3,13, 19

28 U.S.C. § 1446(a) ..................................................................................23

28 U.S.C. § 1447 ........................................................................1, 14, 15

28 U.S.C. § 1653 ......................................................................................24

42 U.S.C. § 1983 ......................................................................................16

## Federal Rules

F.R.C.P. 15(a) ..............................................................................6, 15, 16

F.R.C.P. 41(a) ...........................................................................................15

## JURISDICTIONAL STATEMENT

Removal of this action to the district court was appropriate under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), because Crane Co. was acting under the direction of the Navy when it supplied the products that allegedly released asbestos fibers to which Plaintiff James Joyner claims to have been exposed.

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because the district court's June 6, 2013 Order remanding plaintiff's claims against Crane Co. constitutes a final judgment. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712–715 (1996). Also, 28 U.S.C. § 1447(d) specifically permits appellate review of the district court's grant of remand.

Crane Co. filed a timely notice of appeal on July 8, 2013.

## STATEMENT OF THE ISSUES PRESENTED

1.  Did the district court err in determining that Plaintiff's "abandonment" of certain exposure allegations divested the court of subject matter jurisdiction where Plaintiff did not dismiss any of the claims that established a basis for federal jurisdiction?

<u>Answer:</u> Yes.

2.  Did the district court err in remanding the lawsuit without first considering whether subject matter jurisdiction continued to exist?

<u>Answer:</u> Yes.

3.  Did the district court abuse its discretion when it declined to exercise supplemental jurisdiction over Plaintiff's claims against other joint tortfeasors?

<u>Answer:</u> Yes.

## STATEMENT OF THE CASE

This is a personal injury lawsuit in which Plaintiff James Joyner claims that he developed an asbestos-related disease as a result of exposure to numerous defendants' asbestos-containing products while he worked at the Charleston Navy Shipyard and served in the U.S. Coast Guard. This lawsuit was originally filed in state court. In August 2012, Crane Co. removed this action to the district court under 28 U.S.C. § 1442(a)(1)—the federal-officer removal statute.

Plaintiff moved the district court to remand the lawsuit in total or in part. On March 7, 2013, the district court entered an Order denying remand of the entire lawsuit because Crane Co. presented a colorable federal defense. The district court granted remand in part by declining to exercise supplemental jurisdiction over Plaintiff's claims against all other defendants under 28 U.S.C. § 1367(c)(2).

On June 6, 2013, the district court converted Plaintiff's "notice of abandonment" into a motion to amend, and allowed Plaintiff to amend his Complaint "to disclaim all damages to which he may be entitled as a result of any injuries caused by Crane Co.'s valves." Holding that Crane

Co.'s federal defense no longer exists, the district court remanded the lawsuit.

Crane Co. appeals the district court's June 6, 2013 Order granting remand of Plaintiff's claims against it. Crane Co. also appeals the March 7, 2013 Order granting severance and remand of Plaintiff's claims against the other alleged joint tortfeasors.

## STATEMENT OF THE FACTS

Plaintiff James Joyner filed his Complaint in state court in June 2012, which included four claims against numerous alleged joint tortfeasors: (1) strict liability for defective design and failure to warn; (2) breach of implied warranty; (3) negligence; and (4) aiding and abetting, and conspiracy. (Joint Appendix ("JA") 174–202).

In July and August 2012, Mr. Joyner was deposed and he testified that he worked with two Crane Co. products—Crane Co. valves and Cranite gaskets—while serving on various ships. (JA 3000). In addition to his deposition testimony, in discovery responses, he alleged that both products contributed to his injury. (JA 282). Those allegations put Crane Co. on notice that that the lawsuit was removable, and Crane Co. timely removed it to the district court in August 2012. (JA 39–50).

Plaintiff moved the district court to remand the case, either in whole or in part, to state court. (JA 1880–1907; 2111–2120). In its March 7, 2013 Order, the district court found that Crane Co raised a colorable federal defense and its removal was proper, and thus it denied remand in total. (JA 2661–2679). That holding is unchallenged here.

In that same Order, the district court severed Plaintiff's claims against Crane Co. from Plaintiff's claims against the other alleged joint tortfeasors, remanding those other claims to state court by declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2). (*Id.*). The district court held that Plaintiff's other claims "clearly predominate over [Plaintiff's] claims against Crane Co.," and that severance of those other claims advances fundamental principles of fairness and comity. (*Id.*). Crane Co. moved the district court to reconsider the severance and remand. (JA 2690–2697).

Subsequently, Plaintiff filed a notice that he was "abandoning" his allegations that Crane Co. valves contributed to his injuries. (JA 2722–2724). Plaintiff argued that if he did not pursue his allegations regarding valves, then the only grounds for subject matter jurisdiction would be eliminated, and thus the lawsuit should be remanded. (*Id.*). Plaintiff argued that he had separate "gasket claims" that were not subject to Crane Co.'s federal defense, and that he would only pursue those allegations. (*Id.*). In the June 6, 2013 Order, the district court converted Plaintiff's "notice of abandonment" into a F.R.C.P. 15(a) motion to amend the Complaint, and granted it. (JA 2998–3011).

6

Plaintiff's Amended Complaint added the following disclaimer, which the district court called a "claim disclaimer":

> Plaintiff makes no claims for recovery nor asserts any theories of liability against Crane Co. for its valves. Plaintiff's strict liability (Count I), breach of warranty (Count II), negligence (Count III), and aiding, abetting and conspiracy (Count IV) claims against Crane Co. are confined to its manufacture, sale, distribution and marketing of Cranite gaskets.

(JA 2922–2931; 3004). The district court held that this "claim disclaimer" served to prohibit Plaintiff from collecting any damages allegedly caused by his exposure to Crane Co. valves,[1] and further held that if Plaintiff later changed his mind in state court and sought those damages, then Crane Co. could remove again. (JA 2998–3011). To date, the Amended Complaint has not been filed in state court.[2]

---

[1] It is impossible to separate Plaintiff's claims into separate claims on the basis of exposure to Crane Co. valves on one hand and Cranite gaskets on the other. Valves are made of metal and do not contain asbestos. Allegations of exposure to asbestos from valves are allegations of exposure to asbestos-containing gaskets (and packing) used with valves. Here, Plaintiff's allegations of exposure to Crane Co. valves are the same as his allegations of exposure to Cranite gaskets, especially considering Cranite gaskets are sometimes used as a component part to Crane Co. valves.

[2] The June 6, 2013 remand order has not been recorded by the state court, or otherwise docketed there.

In its June 6th Memorandum, the district court noted that Plaintiff's disclaimer did not actually dismiss any of Plaintiff's four claims. (*Id.*). And the district court recognized that the jury will still hear Plaintiff's valve allegations with respect to cross-defendants' claims against Crane Co. (*Id.*). But finding that the "outcome would prejudice neither Crane Co. nor the other defendants," the district court found that the "claim disclaimer" eliminated Crane Co.'s federal defense, and subject matter jurisdiction. (*Id.*). The district court remanded the lawsuit to be consolidated with Plaintiff's other claims, previously remanded. (*Id.*).

## SUMMARY OF ARGUMENT

The district court's March 7th holding that Crane Co. has a colorable federal defense to Plaintiff's four claims is not challenged here. Nothing changed after that holding. Crane Co.'s federal defense remains despite the Amended Complaint because no claims were dismissed, much less one that divested the district court of jurisdiction. Because the federal defense exists, subject matter jurisdiction exists, so there was no statutory authority to remand.

Even assuming the so-called claim disclaimer had some legal effect, the district court erred because it failed to consider whether other grounds for subject matter jurisdiction existed. Crane Co. has a defense to Plaintiff's valve allegations, even if only as to co-defendants' claims for contribution. And if the valve allegations have somehow been completely stricken from this lawsuit—for which there is no precedent—Crane Co.'s federal defense applies equally to Plaintiff's gasket allegations, presuming those "gasket allegations" are any different from "valve allegations." Accordingly, the June 6, 2013 Order granting remand should be reversed.

The March 7, 2013 Order declining to exercise supplemental jurisdiction should also be reversed because Plaintiff's claims against other defendants do not predominate over the claims against Crane Co.—all the claims are identical. These identical claims all seek damages for the same indivisible injury, and should be litigated in a single lawsuit, which supports judicial economy.

## ARGUMENT

### I.  <u>Standard of Review.</u>

The Court reviews *de novo* the district court's June 6, 2013 Order granting remand for lack of subject matter jurisdiction. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 733 (4th Cir. 2009) (citing *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005)).

The Court reviews the district court's March 7, 2013 Order declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) for an abuse of discretion. *See Carlsbad Technology, Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 638–641 (2009).

### II.  <u>Crane Co. is entitled to have the merits of its colorable federal defense to the four claims in Plaintiff's Complaint heard in a federal forum; none of those four claims was dismissed.</u>

#### A.  **Crane Co. properly removed this lawsuit and the district court exercised jurisdiction over it.**

Congress enacted the federal-officer removal statute to provide a federal forum for contractors, like Crane Co. (a manufacturer of valves used on Navy ships), who "help[] the Government to produce an item that it needs." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153 (2007); *see also Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir.

2012) (holding that the statute covers situations "where the federal
government uses a private corporation to achieve an end it would have
otherwise used its own agents to complete"). Removal and jurisdiction
under the federal-officer removal statute are unique because "suits
against federal officers may be removed despite the nonfederal cast of
the complaint. . . ." *In re: Asbestos Liability Litigation (No. IV) (Barnes)*,
770 F. Supp. 2d 736, 742 (E.D. Pa. 2011) ("*Barnes*"). In the context of
federal officer removal, a plaintiff, such as here, "can allege an entirely
state-law cause of action, but will not be able to retain the case in state
courts if the claim gives rise to a colorable federal defense." *Id.* The
district court recognized that Crane Co. has a colorable federal defense
deserving a federal forum, and that holding is not challenged here.

Where, as here, a removed action is within the district court's
original jurisdiction, the district court has "a virtually unflagging
obligation to exercise the jurisdiction conferred upon it by the
coordinate branches of government and duly invoked by litigants."
*Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006)
(internal citations omitted). And Crane Co. has an "absolute" right to
have the merits of its federal defense heard in a federal forum. *See*

12

*Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). This right has been protected across decades of Supreme Court precedents. *See, e.g., Willingham v. Morgan*, 395 U.S. 402 (1969); *Manypenny*, 451 U.S. at 232; *Mesa v. California*, 489 U.S. 121 (1989); *Watson*, 551 U.S. at 142.

Once removed, the district cannot relinquish its unflagging obligation to exercise jurisdiction and remand a lawsuit unless it has specific statutory authority to do so. *See E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 579 (4th Cir. 2013) ("A district court exceeds its statutory authority when it remands a case 'on grounds that seem justifiable to [the court] but which are not recognized by the controlling statute.'") (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)). Indeed, "[w]hen a case has been properly removed under § 1442(a), the district court may remand it back to state court *only* if it thereafter discovers a defect in removal procedure or a lack of subject matter jurisdiction in the federal court." *Jamison v. Wiley*, 14 F.3d 222, 238–39 (4th Cir. 1994) (emphasis in original). This lawsuit was properly removed under § 1442(a) and the district court erred in remanding it.

**B.    There was no statutory basis for the district court to relinquish its jurisdiction.**

A district court has the authority under 28 U.S.C. § 1447(c) to remand a lawsuit where it lacks subject matter jurisdiction, and that is the statutory authority that the district court cited here in support of its decision to remand. But that statute was inapplicable here.[3] In this case, the district court had subject matter jurisdiction based on Crane Co.'s colorable federal defense, as it held on March 7th. Plaintiff's Complaint included four state-law claims and Crane Co. has a federal defense to those state-law claims. Plaintiff's disclaimer did not dismiss any of his claims, as the district court acknowledged in the June 6th Memorandum. Indeed, nothing changed after March 7th that led to the district court lacking subject matter jurisdiction. Plaintiff's four claims still remain. (JA 2922–2931). So does Crane Co.'s defense. And even if Crane Co.'s federal defense were somehow extinguished, *supplemental* jurisdiction remained. The lawsuit could not be remanded under

---

[3] The district court did not, and could not have, relied on 28 U.S.C. § 1367(c) in support of its decision to remand because that section authorizes the remand of an entire case, and all of the claims within it, only where the "district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Here, the district court acknowledged that no claims were dismissed.

14

28 U.S.C. § 1447(c) because that section only permits a remand when a district court lacks subject matter jurisdiction entirely. *See Henry v. Indep. Am. Savs. Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988) (explaining that an amendment that, for instance, eliminates a federal party and thus the basis for removal, "will not defeat federal jurisdiction" since supplemental jurisdiction still remains).

The district court heavily relied on F.R.C.P. 15(a) to relinquish its jurisdiction, but it erred in doing so because the Amended Complaint did not dismiss any claims. And regardless, jurisdiction here did not arise from federal claims, it arose from a defense to state-law claims. While some courts have allowed a plaintiff to utilize Rule 15(a) to dismiss a claim—usually where F.R.C.P. 41(a) would not otherwise permit[4]—and divest a district court of jurisdiction, that happens only

_____

[4] Under F.R.C.P. 41(a), a plaintiff can request leave to voluntarily dismiss an "action," but generally not the various claims within an action. *See* Rule 41(a)(2); *see also Environmental Dynamics, Inc. v. Robert Tyer and Assocs., Inc.*, 929 F. Supp. 1212, 1224–25 (N.D. Iowa 1996) (providing a thorough discussion of the various ways the circuit courts interpret Rule 41(a)). In multiparty litigation, however, courts have allowed plaintiffs to dismiss their claims against a certain defendant (or several), while still maintaining the lawsuit against others. *Id.* at 1224–26; *see also Ownby v. Cohen*, No. 02-cv-00034, 2002 WL 1877519, at *3 n.1 (W.D. Va. Aug. 15, 2002). So a plaintiff is permitted in some jurisdictions to voluntarily dismiss less than all his

where jurisdiction is based on a federal claim. In such a case, dismissing a claim would be capable of having the effect of extinguishing the basis for jurisdiction. *See, e.g., Ennis v. Town of Kill Devil Hills*, No. 12-cv-9-F, 2012 WL 1473391, at *3–4 (E.D.N.C. Apr. 27, 2010) (granting a motion to amend under Rule 15(a) to dismiss three federal claims—alleged violations of the First and Fourteenth Amendments, and violation of 42 U.S.C. § 1983—and remanding the state law claims); *but see Martinez v. Am.'s Wholesale Lender*, No. 09-05630 WHA, 2010 WL 653187, at *1–2 (N.D. Cal. Feb. 22, 2010) (denying a plaintiff's motion to amend his Complaint to drop his federal claims because the sole reason for the amendment was to avoid federal court).

No federal claims are at issue here, so none was dismissed. Jurisdiction is based on a federal defense, which Plaintiff cannot simply

---

claims in multiparty litigation, but only in order to dismiss a defendant from a lawsuit entirely—the courts in essence dismiss a plaintiff's entire "action" against a particular defendant. *See Environmental Dynamics*, 929 F. Supp. at 1226. Rule 41(a) was not applicable to Plaintiff's "notice of abandonment" because he was not trying to dismiss all of his claims against Crane Co.—he was not dismissing any claims, actually. But if Plaintiff wanted to divest the district court of subject matter jurisdiction, he would have had to dismiss all of his claims against Crane Co. (the defendant with a federal defense).

dismiss or otherwise plead away. Where jurisdiction is premised on the existence of a federal defense, rather than an artfully constructed complaint, a plaintiff's disclaimer or characterization of his claims is not determinative of whether jurisdiction exists. *See Brantley v. Borg-Warner Morse Tec, Inc.*, No. 12-cv-540 AJB, 2012 WL 1571129, at *2 (S.D. Cal. May 3, 2012). Crane Co.'s colorable federal defense never ceased to exist despite the Amended Complaint. Plaintiff's "claim disclaimer" is nothing more than an unenforceable promise by Plaintiff that he will not pursue damages for certain allegations, not that the allegations do not exist. A court should "not condone plaintiffs' efforts to deprive [] federal officers of their right to removal by artful pleading." *Jarvis v. Roberts*, 489 F. Supp. 924, 926 (W.D. Tex. 1980). Yet that is precisely the result the district court accomplished here by remanding on the basis of Plaintiff's "notice of abandonment." Put simply, Plaintiff's disclaimer does not dictate whether jurisdiction exists. *See Brantley*, 2012 WL 1571129 at *2.

Even if the "claim disclaimer" had some legal effect, the Amended Complaint was a filing in federal court only. The Amended Complaint has no legal effect in the remanded state-court action. Indeed, it was

nothing more than a mechanism for Plaintiff to manipulate the forum and avoid federal court. Plaintiff has not filed an Amended Complaint in state court that includes the so-called claim disclaimer. In other words, the effective complaint is the one originally filed in the state court action, which supported removal in the first place. Accordingly, remand was improper and the June 6, 2013 Order should be reversed.

## III. **The district court erred because it did not consider whether other bases for subject matter jurisdiction exist, when several exist.**

It is well-established that once a district court properly assumes jurisdiction over an action, as the district court did here, it has an "unflagging" obligation to exercise that jurisdiction. *See Williams*, 471 F.3d at 977. Among other things, that means that if the original basis for jurisdiction is removed from the lawsuit (through a dismissal of claims, as discussed above), before entertaining the possibility of remand, a district court must examine the pleadings to determine whether there is another basis for subject matter jurisdiction. This is because "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id.*

18

This rule to consider other grounds of jurisdiction is particularly applicable in the context of removals under 28 U.S.C. § 1442(a)(1). *See Manypenny*, 451 U.S. at 241 ("[T]his Court has held that the right of removal is absolute for conduct performed under color of federal office."); *Jamison*, 14 F.3d at 238 ("The Supreme Court has interpreted § 1442(a)(1) as *guaranteeing* a federal officer the right to remove an action commenced against him in state court when he can allege a 'colorable' federal defense to the action. . . .") (emphasis added).

Here, there are several reasons why Crane Co.'s federal defense continues to exist, and provides a basis for jurisdiction, even if the district court correctly concluded that Plaintiff's "notice of abandonment" of valve allegations had some actual effect on Plaintiff's claims at issue in this lawsuit. The district court erred by disregarding these other bases for jurisdiction and remanding the lawsuit. Accordingly, the June 6th Order should be reversed.

A.     **Even assuming, *arguendo*, that Plaintiff's allegations regarding alleged exposures to Crane Co. valves provided the only basis for the district court's jurisdiction, those allegations remain, and subject matter jurisdiction continues to exist.**

Even if Plaintiff's "claim disclaimer" has some meaning, and even assuming Plaintiff will not seek damages for his valve allegations,[5] the allegations still remain. (JA 3005–3006). So Crane Co. could not have been divested of its colorable federal defense on that basis, even if it were otherwise valid. At trial, co-defendants will support their pending cross-claims against Crane Co. with the allegations Plaintiff made at his deposition that he was exposed to asbestos from Crane Co. valves. (JA 2682–2689). In other words, Crane Co. still must defend itself against those allegations. Nothing has changed the facts that supported removal in the first place. The merits of Crane Co.'s federal defense are going to be heard in this lawsuit, and that must happen in a federal forum because Crane Co. exercised its absolute right to remove the lawsuit to that forum for its defense to be heard. *See, e.g., Manypenny*, 451 U.S. at 242.

---

[5] Since Plaintiff seeks damages for one indivisible injury, his assertion that he will not seek damages for his "valve allegations" has no practical effect, and it should not have been given any legal effect.

In addition to being contrary to the statutory authority providing for a remand, the district court's remand here was an inefficient use of judicial resources. Put simply, this lawsuit is still removable, even if only based on the cross-claims against Crane Co. in state court. As the district court noted, the jury will hear the valve allegations in conjunction with cross-claims. (JA 3005–3006). Crane Co. is able to remove this lawsuit as a third-party defendant.[6] *See Hammett v. Welsh*, No. DKC 2005-1274, 2005 WL 3307355, at *1 n.4 (D. Md. Dec. 6, 2005) (citing *Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir. 1990)); *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984); *Goodrich v. Burlington N. R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983). Because Crane Co.'s federal defense still exists, original subject matter jurisdiction still exists, and the June 6th Order granting remand should be reversed.

---

[6] It seems that Crane Co. could also remove the lawsuit as to Plaintiff's claims since the "gasket claims" are new. Crane Co. has not yet had the opportunity to remove this lawsuit again because the case has not yet been received by the state court, and the original complaint governs in state court currently.

### B.    Crane Co. did not waive its federal defense or fail to assert it regarding Plaintiff's allegations of exposure to gasket material.

Contrary to the rule stated in *Williams*—that the district court has an unflagging obligation to exercise jurisdiction—and the strong presumption that exists in favor of federal officer removal, the district court here appeared to search not for a basis on which to *exercise* its jurisdiction, but rather for a basis on which to *relinquish* its jurisdiction. Plaintiff argued to the district court that he had sued Crane Co. in this action on account of its sale of two different products (valves and Cranite gaskets), and that once Plaintiff "abandoned" his valve allegations, the case should be remanded since Crane Co. did not discuss gaskets, specifically, in its notice of removal. The district court agreed and held that because Crane Co.'s notice of removal did not specifically discuss gaskets, the case had to be remanded.[7] (JA 2998–3011). This was error.

---

[7] Crane Co. does not dispute that it supplied valves to the U.S. Navy. But it does dispute that it supplied extensive quantities of "Cranite" brand sheet gaskets to the Navy since that product was not on the Navy's qualified product lists for gaskets. Nevertheless, Crane Co. produced evidence to the district court that, to the extent Crane Co. supplied this product to the Navy, as Plaintiff alleged, it only could

It is well-established that "[t]he absence of detailed grounds setting forth [the] basis for removal is not fatal to defendants' right to remove" on federal officer grounds so long as the notice of removal demonstrates that a defendant was, in fact, acting at the direction of a federal officer when it committed the act complained of in the case. *See Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir.1962); *accord Jarvis*, 489 F. Supp. at 926. Accordingly, Crane Co. was under no obligation to include in its notice of removal every particular detail of how its federal defense applied to Plaintiff's claims. Only a "short and plain statement of the grounds for removal" must be included in the removal papers. *See* 28 U.S.C. § 1446(a). Crane Co. undeniably met that standard, as the district court agreed on March 7, 2013.[8] (JA 2661–2679).

---

have done so subject to detailed specifications, giving rise to the government contractor defense.

[8] To the extent the district court believed Crane Co. "waived" its federal defense as to the gasket allegations, it was error. Crane Co. pleaded this defense in its Answer to the Complaint, so there was no waiver. *See Burks v. Pate*, No. 302-40144, 2005 WL 4859266, at *4 (D.S.C. Aug. 5, 2005) (holding that waiver of an affirmative defense can result only from a party's failure to raise it in the appropriate pleading). Even if Crane Co. had not raised the defense in its Answer, it would still not be waived because Crane Co. clarified its intent to assert that defense with respect to damages allegedly caused by Cranite in its briefing on the remand issues, which was "at a pragmatically sufficient time and [Plaintiff] was not prejudiced by [his] ability to respon[d]." *Id.* This

If the district court determined that Crane Co.'s notice of removal was insufficiently specific, it should have provided Crane Co. an opportunity to amend before remanding[9] or looked outside of the remand papers to determine whether jurisdiction otherwise existed. This is illustrated by the *Willingham* decision, *supra*.

In *Willingham*, the Supreme Court determined that certain facts necessary to defendants' right to remove on federal officer grounds did not appear in the removal petition, but appeared only in affidavits the defendants filed in connection with summary judgment motions. *Willingham*, 395 U.S. at 408. Unlike the district court here, the Supreme Court did not hold that this was fatal to defendants' right to remove. To the contrary, in light of the strong presumption in favor of federal-officer removal, the Supreme Court held it was "proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Id.* at 408 n.3. The

---

lawsuit is still in its early stages. Plaintiff will have ample time and ability to respond to Crane Co.'s defense—even if this were the first he was hearing of it—but he must do so in federal court.

[9] *See* 28 U.S.C. § 1653 (providing that defective allegations of jurisdiction may be amended, upon terms, in the trial court or in the appellate court).

district court's approach cannot be squared with the Supreme Court's approach in *Willingham*.

Prior to Plaintiff's remand arguments, there was never any suggestion that Plaintiff had separate "gasket claims" and "valve claims" pending against Crane Co. To the extent the Amended Complaint somehow creates those two separate claims based on exposure allegations (and eliminates one), that does not invalidate Crane Co.'s removal. At the very least, under *Willingham*, the district court was obligated to provide Crane Co. an opportunity to demonstrate it has a colorable federal defense to the "gasket claims," since only now do they even exist. Because Crane Co.'s federal defense applies equally to Plaintiff's gasket allegations, subject matter jurisdiction exists even if the valve allegations have been somehow erased from this lawsuit. Accordingly, the June 6th Order granting remand should be reversed.

## IV.    No state-law claims predominate in this lawsuit for purposes of 28 U.S.C. § 1367(c)(2).

In its March 7, 2013 Order, the district court abused its discretion by declining to exercise supplemental jurisdiction under section 1367(c)(2) because the claims against the alleged joint tortfeasors other than

25

Crane Co.[10] do not substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," for purposes of 28 U.S.C. § 1367(c)(2). *See United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C.*, 569 F. Supp. 2d 658, 667 (E.D. La. 2008) (internal citations omitted); *see also McNerny v. Nebraska Public Power District*, 309 F. Supp. 2d 1109, 1118 (D. Neb. 2004) (rejecting plaintiff's argument that the state claims predominate and finding that "the scope of the issues presented, the damages alleged, and the evidence required to prove the state and federal claims are substantially the same.").

In this lawsuit, Plaintiff has only four claims, which are identical as to all alleged joint tortfeasors. The claims all seek the same remedy for the very same indivisible injury. Because no claims predominate over others in terms of evidence to be produced at trial or the remedy sought, 28 U.S.C. § 1367(c)(2) is not invoked, and the district court erred in declining to exercise supplemental jurisdiction under that section.

---

[10] It should not be assumed that only Crane Co. has a federal defense to plaintiff's claims simply because other defendants did not join in the removal of this lawsuit. Indeed, several other defendants raised the government contractor defense in their pleadings.

26

## A.    Severance and remand frustrates judicial economy.

The doctrine of supplemental jurisdiction seeks to promote judicial economy, convenience, and fairness to parties by litigating in a single action all claims that arise out of the same facts. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As the district court recognized, it is indisputable that supplemental jurisdiction exists here. (JA 2676). By the district court declining that jurisdiction, the parties lost the advantages of a single lawsuit.

When determining whether to decline supplemental jurisdiction, a district court should look to principles of "economy, convenience, fairness, and comity." (JA 2677) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001)). The principles of economy and convenience should prevail here. Plaintiff alleges that all defendants are liable as joint tortfeasors for contributing to his mesothelioma, an indivisible injury that Plaintiff alleges came about as a combined result of all of his various exposures to asbestos-containing materials. It is more convenient and economical to try these claims in a single lawsuit, as other district courts have found under nearly identical circumstances. *See, e.g., Seigfried v. Allegheny Ludlum Corp.*, No. 09-

125, 2009 WL 1035001, at *15 (W.D. Pa. Apr. 17, 2009). In *Seigfried*,

the court denied plaintiff's motion to sever based on factors relevant

here:

- Plaintiff sued numerous defendants alleging joint and several liability;
- all of plaintiff's claims arose under state law, including those against the defendant who raised a federal defense; and
- each defendant had cross-claims against all other defendants for indemnity and contribution.

*Id.*; *accord Kluka v. Anco Insulations, Inc.*, Case No. 08-84-JJB-SCR,

2008 WL 2444517, at *4 (M.D. La. Apr. 28, 2008). The same logic

applies here. The district court abused its discretion by not considering

the resulting diseconomy and inconvenience to the litigants.

Accordingly, the March 7, 2013 Order declining to exercise

supplemental jurisdiction should be reversed.

## CONCLUSION

The district court's June 6, 2013 Order granting remand should be

reversed because Crane Co.'s federal defense—the basis for

jurisdiction—was not extinguished. And the district court's March 7,

2013 Order declining to exercise supplemental jurisdiction should be

reversed because Plaintiff's claims against other defendants are the

same as those against Crane Co.—they do not predominate for purposes of section 1367(c)(2).

Dated:  September 9, 2013          Respectfully submitted,

**MacDonald Law Group LLC**

/s/ Neil J. MacDonald
Neil J. MacDonald
nmacdonald@macdonaldlawgroup.com
11720 Beltsville Dr., Suite 550
Beltsville, Maryland 20705
301.313.3262
877.654.2658 (fax)

**K&L Gates LLP**
Nicholas P. Vari
Michael J. Ross
Syed D. Ali

*Attorneys for Appellant Crane Co.*

29

## <u>CERTIFICATE OF BAR MEMBERSHIPS</u>

Each of the undersigned hereby certifies that he is a member of the

Bar of this Court.

/s/ Neil J. MacDonald
Neil J. MacDonald

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

I hereby certify that the foregoing brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,278 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I further certify that this brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Century Schoolbook.


/s/ Neil J. MacDonald
Neil J. MacDonald

## <u>CERTIFICATE OF ELECTRONIC FILING AND VIRUS CHECK</u>

I hereby certify that the text of the electronic PDF version of the foregoing Brief of Appellant Crane Co. that was filed with the Court is identical to the text of the hard copies of the brief that were filed with the Court and served on Counsel.

I hereby further certify that a virus check of the electronic PDF version of the brief was performed using Symantic Endpoint Protection and the PDF file was found to be virus free.


/s/ Neil J. MacDonald
Neil J. MacDonald

## CERTIFICATE OF SERVICE

I, Neil J. MacDonald, hereby certify that on September 9, 2013, the foregoing Brief of Appellant Crane Co. was filed electronically with the Court via the Court's CM/ECF filing system, which will automatically send notification of the filing to all registered users. In addition, eight copies of the foregoing Brief of Appellant Crane Co. were hand-delivered to the Clerk of the United States Court of Appeals for the Fourth Circuit.

Dated: September 9, 2013          /s/ Neil J. MacDonald
                                  Neil J. MacDonald