RECORD NO. 13-1868

IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

KATHLEEN R. WOOD, Personal Representative
of the Estate of James E. Joyner,

*Plaintiff-Appellee,*

v.

CRANE CO.,

*Defendant-Appellant,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RESPONSE BRIEF OF APPELLEE
KATHLEEN R. WOOD, Personal Representative
of the Estate of James E. Joyner

Jonathan Ruckdeschel
Z. Stephen Horvat
Jacqueline G. Badders
RUCKDESCHEL LAW FIRM, LLC
8357 Main Street
Ellicott City, MD 21043
(410) 750-7825

*Counsel for Appellee*                                        October 11, 2013

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-1866__        Caption: _James E. Joyner v. Crane Co./Owens-Illinois, Inc._____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_James E. Joyner_____
(name of party/amicus)

_____

who is _____appellee_____, makes the following disclosure:
        (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent
      corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                                  ☐ YES ☑ NO
      If yes, identify all such owners:

- 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: 7/23/2013

Counsel for: James E. Joyner

## CERTIFICATE OF SERVICE
***************************

I certify that on _____July 23, 2013_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____          7/26/2013
        (signature)                        (date)

07/19/2012
SCC

- 2 -

## <u>TABLE OF CONTENTS</u>

CORPORATE DISCLOSURE

TABLE OF AUTHORITIES .................................................................... iii

JURISDICTIONAL STATEMENT ............................................................1

STATEMENT OF THE ISSUES PRESENTED........................................6

STATEMENT OF THE CASE..................................................................9

STATEMENT OF FACTS .....................................................................11

SUMMARY OF ARGUMENT ...............................................................18

ARGUMENT ..........................................................................................24

I.      Standard of Review..........................................................................24

          A.    June 6, 2013 Ruling...............................................................24

          B.    March 7, 2013 Ruling............................................................26

II.     June 6, 2013 Ruling Remanding the Case *In Toto* ........................26

          A.    Appellate review of the June 6, 2013 remand order is not permissible...........................................................................26

          B.    Plaintiff's amended complaint dismissed all factual allegations against Crane Co. for its valves, which served as the sole basis under which Crane Co. removed the case under § 1442....................29

          C.    The district court properly concluded that a federal defense capable of conferring subject matter jurisdiction no longer existed upon Plaintiff's dismissal of his valve claims.....................................32

          D.    Crane Co. failed to assert a federal defense as to its gaskets when invoking 28 U.S.C. § 1442 as the basis for the district court's jurisdiction.........................................................................40

i

III.   MARCH 7, 2013 Order Remanding and Severing All Claims with the Exception of Those Against Crane Co. ........................................................45

     A.   Crane Co. has not established standing to pursue this issue, nor has it established the procedural prerequisites to this Court's jurisdiction ...........................................................................................45

     B.   The district court properly exercised its discretion to sever and remand all claims identified in its March 7, 2013 Order ....................48

CONCLUSION ...................................................................................................52

CERTIFICATE OF COMPLIANCE.....................................................................53

CERTIFICATE OF FILING AND SERVICE .......................................................54

STATUTORY SUPPLEMENT ..............................................................................55

# TABLE OF AUTHORITIES

## CASES

*Arancio v. Prudential Insurance Co. of America*,
   247 F. Supp. 2d 333 (S.D.N.Y. 2002) ........................................... 35

*In re: Asbestos Liability Litigation (No. IV) (Barnes)*,
   770 F. Supp. 2d 736 (E.D. Pa. 2011) ............................................ 30

*In re Blackwater Sec. Consulting, LLC*,
   460 F.3d *576* (4th Cir. 2006) ................................................ 35, 37

*Boelens v. Redman Homes, Inc.*,
   759 F.2d 504 (5th Cir. 1985) ...................................................... 28

*Boyle v. United Tech. Corp*,
   487 U.S. 500 (1988) ..................................................................... 22

*Carlsbad Technology, Inc. v. HIF Bio, Inc.*,
   556 U.S. 635 (2009) ............................................................... 25, 26

*Carnegie-Mellon University v. Cohill*,
   484 U.S. 343 (1988) .......................................................... 28, 29, 31

*Crocker v. Borden, Inc.*,
   852 F. Supp. 1322 (E.D. La. 1994) ........................................... 51

*E.D. ex rel. Darcy v. Pfizer, Inc.*,
   722 F.3d 574 (4th Cir. 2013) .................................. 2, 25, 37, 38

*Ervast v. Flexible Products Co.*,
   346 F.3d *1007 (11th Cir. 2003)* ............................................... 35

*Gravitt v. Southwestern Bell Telephone Co.*,
   430 U.S. 723 (1977) ..................................................................... 28

*In Re: Hawaii Federal Asbestos Cases*,
   960 F.2d 806 (9th Cir. 1992) ..................................................... 22

*Hays v. A.W. Chesterton, Inc.*,
No. 09-cv-93728, 2012 U.S. Dist. LEXIS 65154
(E.D. Pa. Apr. 18, 2013) ..............................................................10, 20

*Henry v. Indep. A. Savs. Ass'n*,
857 F.2d 995 (5th Cir. 1988) ..................................................28, 36

*Hinson v. Norwest Finance S.C., Inc.*,
239 F.3d 611 (4th Cir. 2001) ..................................................29, 49

*Jamison v. Wiley*,
14 F.3d 222 (4th Cir. 1994) .............................................................39

*Jarvis v. Roberts*,
489 F. Supp. 924 (W.D. Tex. 1980) ...............................................30

*Jessup v. Cont'l Motors, Inc.*,
No. 12-cv-9948, 2013 U.S. Dist. LEXIS 9948
(E.D. Pa. Jan. 24, 2013) ..........................................................33, 34

*Johnson v. Advance America*,
549 F.3d 932 (4th Cir. 2008) .........................................................31

*Kokkonen v. Guardian Life Insurance Co.*,
511 U.S. 375, 114 S. Ct. 1673 (1994) ..........................................50

*Lastih v. Elk Corp. of Ala.*,
140 F. Supp. 2d 166 (D. Conn. 2001)............................................35

*Mesa v. California*,
489 U.S. 121 (1989)..........................................................33, 34, 51

*Norfolk & Western Ry v. Ayers*,
538 U.S. 135 (2003)........................................................................11

*In Re Related Asbestos Cases*,
453 F. Supp. 1142 (N.D.Cal. 1982)...............................................22

*Shilling v. Northwestern Mutual Life Insurance Co.*,
423 F. Supp. 2d 513 (D. Md. 2006).................................................31

*Thermtron Products Inc. v. Hermansdorfer,*
    423 U.S. 336 (1976)..............................................................7, 25, 27

*Things Remembered v. Petrarca,*
    516 U.S. 124 (1995)...........................................................................27

*USX Corp. v. Adriatic Insurance Co. (USX),*
    345 F.3d 190 (3d Cir. 2003) ............................................................35

*Williams v. Costco Wholesale Corp.,*
    471 F.3d 975 (9th Cir. 2006) ......................................................34, 35

*Willingham v. Morgan,*
    395 U.S. 402 (1969)..........................................................................42

## STATUTES

28 U.S.C. § 1291 .........................................................................................5
28 U.S.C. §§ 1331 ......................................................................................33
28 U.S.C. § 1367 ...............................................................1, 14, 26, 48, 51
28 U.S.C. § 1441 .........................................................1, 3, 4, 33, 45
28 U.S.C. § 1442 ................................................................................*passim*
28 U.S.C. § 1443 .........................................................................................2
28 U.S.C. § 1446 ................................................................................*passim*
28 U.S.C. § 1447 ................................................................................*passim*
28 U.S.C. § 1653 .......................................................................................43

## RULES

Federal Rule of Appellate Procedure 4.................................................. 48
Federal Rule of Appellate Procedure 28..................................46, 47, 48

## OTHER AUTHORITIES

14C Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and
Procedure ß 3733 (4th ed. 2012)..............................................................35

## JURISDICTIONAL STATEMENT

Plaintiff's allegations against Crane Co. in this case involved two distinct products; Crane Co.'s asbestos containing gaskets, and claims based upon Crane Co.'s valves. Crane Co.'s sole basis for removal of this case from the Circuit Court for Baltimore City to federal district court was Crane Co.'s claim that because it manufactured and sold asbestos-containing *valves* to the U.S. Coast Guard, Crane Co. was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). Crane Co. made no allegation that its gaskets provided a basis for federal jurisdiction. The district court concluded that Crane Co.'s invocation of 28 U.S.C. § 1442(a)(1) regarding its *valves* rendered the removal on that basis proper and denied, in part, Plaintiff's September 4, 2012 Motion for Remand on March 7, 2013. That holding is *not* on appeal.[1] (*See* Appellant's Brief at p. 5)

_____

[1] Having concluded that Crane Co. maintained a colorable federal defense under 28 U.S.C. § 1442(a)(1) as to Plaintiff's claims based upon Crane Co. valves, the district court elected, pursuant to 28 U.S.C. § 1367, to exercise supplemental jurisdiction over Plaintiff's gasket claims against Crane Co. to avoid diseconomy. The district court found in its March 7, 2013 Order that Crane Co. had not asserted 28 U.S.C. § 1442(a)(1) as a basis of jurisdiction over its gaskets, and that its jurisdiction over Plaintiff's gasket claims rested in pendent or supplemental jurisdiction. (Joint Appendix "JA" 2676-78; *see also e.g.* 2663, 2670-71, 2677-78, 2998, 3000, 3007). Accordingly, the gasket claims were present in federal court due to tag-along jurisdiction under 28 U.S.C. § 1441(c)(1)(B). (With the exception of Plaintiff's claims against Crane Co., the district court also severed and remanded all other

(stating that the district court's March 7, 2013 Order denying Plaintiff's motion for remand as to Crane Co. "is unchallenged here").

## A.   June 6, 2013 Order

The issue on appeal is the district court's holding in its June 6, 2013 Order that remanded Plaintiff's claims based upon Crane Co.'s gaskets citing 28 U.S.C. § 1447(c). (JA 3007-09).[2] The district court's June 6, 2013 remand order, therefore, falls within 28 U.S.C. § 1447(d)'s bar against appellate review. *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574 (4th Cir. 2013).

Crane Co. asserts that 28 U.S.C. § 1447(d) permits review of the district court's order remanding Plaintiff's gasket claim against Crane Co. because § 1447(d) contains an exception to its general bar on appellate review of remand orders for cases that were "removed pursuant to section 1442 or 1443 of this title." That argument, while facially attractive, is misplaced. Crane Co.'s argument disregards the district court's unappealed

---

claims, including all of Plaintiff's claims against Crane Co.'s seven other co-defendants. (JA 2679).

[2] The court remanded Plaintiff's case *in toto* after Plaintiff amended her complaint to eliminate any claim for relief based upon Crane Co.'s valves. Crane Co. does not appeal the portion of the district court's June 6, 2013 Order granting Plaintiff leave to amend his complaint. (Appellant's Brief at pp. 2, 4).

ruling in its March 7, 2013 Order finding that Crane Co.'s removal only invoked § 1442 with respect to Plaintiff's claims regarding Crane Co. valves. Crane Co. has not appealed this issue.

The consequence of the court's March 7, 2013 ruling is that Plaintiff's gasket claim and all other claims against the other defendants were in to federal court pursuant to 28 U.S.C. § 1441(c)(1)(B), which provides that the all claims, both state and federal, get removed together when a lawsuit contains both federal and state law claims. None of these claims, including Plaintiff's state-law gasket claim against Crane Co., were removed pursuant to § 1442.

In turn, when the district court granted Plaintiff leave to amend his complaint to dismiss any claims based upon Crane Co. valves – a ruling Crane Co. does not appeal – all that remained in federal court was Plaintiff's gasket claim that tagged along with Plaintiff's valve claim pursuant to 28 U.S.C. § 1441(c)(1)(B). With the only § 1442 claim no longer in the case, the only decision for the district court was the discretionary opinion of whether to remand the gasket claim that was removed pursuant to 28 U.S.C. § 1441(c)(1)(B), which the court remanded on June 6, 2013. Of course, 28 U.S.C. § 1447 does not permit appellate review of claims removed pursuant to 28 U.S.C. § 1441(c)(1)(B).

To find otherwise would vastly expand the scope of appeals in this type of case. For example, if Crane Co. were correct, then any of the severed defendants who were remanded in March 2013 – and who never asserted that federal jurisdiction existed over Plaintiff's claims against them – would have standing to appeal the district court's exercise of discretion remanding Plaintiffs claims against to state court – *even though they never claimed federal jurisdiction existed*. Such a result applied to this case would have given Kaiser Gypsum Co., Inc., a severed and remanded state-law defendant for Mr. Joyner's use of drywall joint compound in his home, the right to appeal its remand despite the fact that there indisputably is no federal subject matter jurisdiction over such claims.

Crane Co. simply ignores the fact that it conceded it was not asserting that § 1442 provided jurisdiction over Plaintiffs' gasket claims in the court below and that the retention of the gasket claim by the district court when it severed and remanded the Plaintiff's remaining claims was expressly to prevent splitting Plaintiff's claims against Crane Co. Crane Co. cannot transform here the 28 U.S.C. § 1441(c)(1)(B) removal of Plaintiff's gasket claims into a § 1442 removal because it conceded below it was not so alleging and has not appealed the district court's March 7, 2013 ruling that so found. As such, because the gasket claim was not removed pursuant to

28 U.S.C. § 1442, the exception to 28 U.S.C. § 1447(d)'s ban on appeals for § 1442 removals does not apply to Plaintiff's gasket claim.

**B. March 7, 2013 Order**

In its Jurisdictional Statement, Crane Co. makes no claim, nor sets forth any authority, establishing that this Court has jurisdiction over the portion of the district court's March 7, 2013 Order of which Crane Co. arguably seeks review. Specifically, the only portion of the holding Crane Co. appeals is the district court's severance and remand of all claims with the exception of those asserted by Plaintiff against Crane Co. However, Crane Co. does not establish that the March 7, 2013 Order severing and remanding all claims other than those against Crane Co. is a final order that is appealable pursuant to 28 U.S.C. § 1291, or that Crane Co.'s appeal of this issue is timely. This burden rests with the Appellant. *See* Fed. R. App. P. 28. Consequently, Crane Co. has not demonstrated that this Court has jurisdiction to engage in appellate review of that Order, nor has it established that Crane Co. possesses standing to appeal a remand and severance order to which it was not subject.

This Court, therefore, does not have jurisdiction and is unable to engage in appellate review of this matter.

## STATEMENT OF THE ISSUES PRESENTED

Questions 1 and 3, as presented by Crane Co., are not properly before the Court.

Question 2 disregards the prohibition against appellate review of this matter under the relevant rules.

<u>Question 1</u>:  Did the district court err in determining that Plaintiff's "abandonment" of certain exposure allegation divested the court of subject matter jurisdiction where Plaintiff did not dismiss any of the claims that established a basis for federal jurisdiction?

<u>Answer</u>:  No.  The district court did not determine that "Plaintiff's 'abandonment' of certain exposure allegations divested the court of subject matter jurisdiction where Plaintiff did not dismiss any of the claims that established a basis for jurisdiction."  What the district court did was grant Plaintiff leave to amend his complaint to dismiss his valve claims against Crane Co. under any and all legal causes of action.[3]  Upon allowing dismissal of Plaintiff's valve allegations, the district court remanded the case under 28 U.S.C. § 1447, concluding that Crane Co. was barred from asserting § 1442 as a basis for jurisdiction as to Plaintiff's gasket claims based on its failure to comply with 28 U.S.C. § 1446 and that the district

---

[3] Crane Co. concedes that the district court was within its discretion to allow Plaintiff leave to amend and that issue is not on appeal.

court therefore lacked primary subject matter jurisdiction and would not exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1447, Crane Co. is prohibited from appealing whether the district court was correct in its ruling because even erroneous rulings are barred from appellate review. *See e.g. Thermtron Products Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976).

Question 2: Did the district court err in remanding the lawsuit without first considering whether subject matter jurisdiction continued to exist?

Answer: No. Crane Co.'s Question 2 not only poses a question facially in conflict with the representations it makes in Question 1, but it ignores the threshold question – namely, whether the issue raised by Crane Co. is subject to appellate review.

The more appropriate question for this Court is whether appellate review of the district court's June 6, 2013 ruling remanding to state court Plaintiff's gasket claims against Crane Co. is permissible, and, if yes, whether the district court in fact failed to consider "whether subject matter jurisdiction continued to exist?" (as stated in Crane Co.'s presentation of Question 2).

The answer to the first prong is no. The district court's June 6, 2013 ruling remanding Plaintiff's gasket claims is barred from appellate review

under 28 U.S.C. § 1447, and the Court need not, nor should it, undertake to determine whether the district court erred in remanding the case.

Alternatively, to the extent that the Court disagrees, and is inclined to engage in appellate review of the district court's June 6, 2013 remand order, by Crane Co.'s own admission, the district court did in fact consider whether it had subject matter jurisdiction of the matter prior to remanding the case. In Question 1, Crane Co. expressly states that the *district court determined that it no longer had subject matter jurisdiction* (prior to remanding Plaintiff's case *in toto*), while Question 2 states that the district court erred in failing to first consider that which Crane Co. states it did in Question 1 – namely, that the district court considered and determined that it did not have subject matter jurisdiction.   Moreover, a simple reading of Question 1 disposes of Question 2, as does a cursory review of the record, which demonstrates that the district court considered subject matter jurisdiction prior to remanding the case.

Question 3:  Did the district court abuse its discretion when it declined to exercise supplemental jurisdiction over Plaintiff's claims against other tortfeasors?

Answer:  No.  Procedurally, Crane has established neither standing to pursue this issue nor this Court's jurisdiction over the district court's March 7, 2013

decision.    (*See* Appellant's Brief at p. 1, Jurisdictional Statement). Further, assuming for the sake of argument that Crane Co. meets the procedural prerequisites to this Court's consideration of the issue, the district court was well within its authority to decline the exercise of supplemental jurisdiction.  In fact, Crane Co. fails to cite a single reported decision where this Court or any other found that a district abused its discretion in declining to exercise supplemental jurisdiction in these circumstances.

## STATEMENT OF THE CASE

Following an 18-month battle with mesothelioma Plaintiff-Appellee, James E. Joyner, died on August 28, 2013.  His mesothelioma, an asbestos-related cancer, resulted from asbestos-exposures he sustained during the course of his adult life while working for the U.S. Coast Guard and also while performing renovations to his family home.   Defendant-Appellant, Crane Co., one of a number of the defendants in the case, manufactured two different products – asbestos-containing valves and gaskets[4] – that were present on the vessels on which Mr. Joyner worked during his tenure in the

---

[4] Crane Co. sold and marketed its gaskets under the trade name Cranite. There is no dispute that all of Crane Co.'s Cranite gaskets contained asbestos during the relevant timeframe. Throughout the brief, "gaskets" and "Cranite" are synonymous and will be used interchangeably.

9

U.S. Coast Guard.[5]  This factual distinction between valve and gasket claims against Crane Co. is one Crane Co. has repeatedly recognized and benefitted from in other cases.

In the instant appeal, Crane Co. takes issue with the district court's remand of Plaintiff's gasket claims against Crane Co. but fails to recognize that the district court remanded the case under 28 U.S.C. § 1447 citing the absence of subject matter jurisdiction following the district court's determination (i) that Crane Co. failed to assert a colorable federal defense with respect to its gaskets within 30 days as required by 28 U.S.C. § 1446(b)(3), and (ii) that the absence of any claim against Crane Co. for its valves – which served as the sole basis for Crane Co.'s removal under 28 U.S.C. § 1442(a)(1) eliminated primary jurisdiction.  The issues on appeal, therefore, turn on whether appellate review of the district court's June 6, 2013 ruling remanding to state court Plaintiff's gasket claims against Crane Co. is permissible and, only if so, whether the district court abused its discretion in declining to exercise supplemental jurisdiction over the gasket claims.

---

[5] *See e.g.  Hays v. A.W. Chesterton, Inc.,* No. 09-cv-93728, 2012 U.S. Dist. LEXIS 65154  (E.D. Pa. Apr. 18, 2013) (distinguishing between Crane Co. valves and Crane Co. gaskets and granting Crane Co. partial summary judgment regarding its valves, but not regarding its gaskets.

## STATEMENT OF FACTS

This case is a products liability lawsuit resulting from James E. Joyner's exposure to asbestos. Mr. Joyner served in the United States Coast Guard for more than twenty years. Enlisting in 1944, he successfully completed boot camp at Curtis Bay, MD, and assumed the role of electrician's mate and/or boiler tender aboard numerous vessels. In the course of his duties, he worked with and around asbestos-containing products, including Crane Co.'s gaskets. Following his honorable discharge from the Coast Guard in 1966, Mr. Joyner relocated with his wife and three daughters to Russell, Kansas, where he purchased a home that he renovated in the early 1970s using asbestos-containing joint compound. Mr. Joyner remained in Kansas for many years, during which time he earned a Masters of Science in industrial design, and worked as a teacher until he retired in the 1990s.

On March 5, 2012, Mr. Joyner was diagnosed with malignant pleural mesothelioma, a rare and invariably terminal cancer of the lining of the abdomen and chest caused by asbestos. [6] Mr. Joyner contracted

---

[6] Mesothelioma is a rare, "fatal cancer of the lining of the lung or abdominal cavity" that is caused almost exclusively by asbestos. *See, e.g., Norfolk & Western Ry v. Ayers*, 538 U.S. 135, 142 (2003). "Asbestos is the only cause of mesothelioma established thus far, although some instances of the disease

mesothelioma as a result of being exposed to and inhaling asbestos-containing dust while serving as in the United States Coast Guard and in his civilian/personal life when working with asbestos-containing joint compound.

On June 12, 2012, Plaintiff filed suit in the Circuit Court for Baltimore City against various manufacturers and distributors of asbestos-containing products, and insurer Metropolitan Life Insurance Co. (JA 174-93). Plaintiff asserted state common-law products liability claims of strict liability (Count I) and negligence (Count III) against the manufacturers and distributors of asbestos-containing products. (JA 174-93 at ¶¶ 3-13; 18-22). The remaining portions of the Complaint assert claims for breach of warranty based upon Defendants' failure to warn (Count II), and aiding, abetting and conspiracy (Count IV). Plaintiff expressly asserted only failure to warn claims against Defendants from the Coast Guard.[7]

---

are not traceable to asbestos." *Id.* at 142 n.3. The historical median time from diagnosis to death ranges from 4 to 18 months. (JA 1883 & 1908-11.

[7] The defendants remaining in the case which is currently pending in the Circuit Court for Baltimore City pursuant to the district court's remand of the case *in toto* are Crane Co., John Crane, Inc., Kaiser Gypsum Company, Inc., MCIC, Inc., Metropolitan Life Insurance Co., Union Carbide Corporation, and Wallace & Gale Asbestos Settlement Trust. Neither Metropolitan Life Insurance Co. nor Kaiser Gypsum have any connection to Mr. Joyner's Coast Guard service and/or exposures to asbestos while in the Coast Guard.

On August 2, 2013, Crane Co. removed this action claiming that because Crane Co. manufactured and sold asbestos-containing *valves* to the U.S. Coast Guard, it was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  (JA 39-50).

Plaintiff filed a timely Motion for Remand on September 4, 2013, requesting that the district court remand the lawsuit *in toto* or, in the alternative, that the district court remand all claims against Crane Co. other than Plaintiff's claim against Crane Co. based upon its valves.[8]  (JA 1880-1907).  At oral argument, the District Court specifically asked Crane Co. if it was asserting that federal jurisdiction existed over plaintiff's claims based upon gaskets and Crane Co. unequivocally stated it was not making any such claim.

> THE COURT: Again, understanding what your position is on severance, but there are two, that I've heard about, two Crane products involved?
> MR. MACDONALD: Yes, Your Honor.
> THE COURT: Valves and the gaskets?
> MR. MACDONALD: Yes, Your Honor.
> THE COURT: If it were just the gaskets, you would not have this colorable defense?
> MR. MACDONALD: We haven't briefed that at this point,

---

[8] The alternative relief requested made clear that the claims for which Plaintiff sought remand and severance included Plaintiff's gasket claims against Crane Co.  Plaintiff also filed a Motion to Sever All Claims Other Than Plaintiff's Claim Against Crane Co. for Failure to Warn.  (JA 2111-20).

>Your Honor. Plaintiffs would make the claim that the gaskets
>were nothing special, there was no specifications. Crane has a
>different position with regard to their gasket because it was
>never, never on the Navy's QPL and should never have been
>used.  So how someone identifies it, we don't know.
>We are not taking a position right now on that issue.
>We do have federal jurisdiction based upon the Crane valve, the
>Crane valve exposure.

(JA 2645-46).

The district court issued its ruling on March 7, 2013.  (JA 2661-79).

In large part, the district court granted Plaintiff's Motion for Remand by

electing not to exercise supplemental jurisdiction over Plaintiff's claims

against defendants other than Crane Co. in accord with the district court's

discretion under 28 U.S.C. § 1367.[9]  (JA 2676-78, 2679).  While the district

court did deny, in part, Plaintiff's request for remand as to Crane Co.,[10] the

court's ruling provided that federal jurisdiction was invoked only because

Crane Co. asserted a federal defense as to its valves and that that its

jurisdiction over Plaintiff's gasket claims were confined to supplemental

---

[9] On March 21, 2013 Crane Co. filed a Motion for Reconsideration seeking
reconsideration of only that portion of the March 7, 2013 Order that severed
and remanded Plaintiff's claims against all other defendants.  (JA 2690-97).
The court denied Crane Co.'s motion on June 6, 2013. (JA 3009-11).

[10] The district court's denial, in part, of Plaintiffs Motion for Remand was
without prejudice.  (JA 2676).

jurisdiction which the district court exercised pursuant to 28 U.S.C. § 1367 in the interest of economy. (JA 2670-71, 2676-77, 2679).

On March 28, 2013, Plaintiff abandoned his claim against Crane Co. for its valves, effectively seeking leave to amend his complaint and moved for remand.[11] (JA 2722-23).  In a filing dated April 11, 2013, Crane Co. opposed Plaintiff's requested relief, arguing that Crane Co. either needed to consent to the abandonment/dismissal or that the district court must order it in the absence of agreement by Crane Co. (JA 2730-38).  Crane Co. also objected to Plaintiff's requested remand, alleging for the first time that Crane Co. has a federal defense for its gaskets.  (JA 2732).  Crane Co.'s claimed federal defense and attempts to invoke 28 U.S.C. § 1442(a)(1) in connection with its gaskets came more than 250 days after its Notice of Removal and months after expressly advising the district court that Crane Co., as of February 8, 2013, was not claiming that the § 1442 defense applied to Plaintiff's gasket claim and took no position on that issue.  (JA 3008).  Plaintiff responded to Crane Co.'s April 11 Opposition on April 18, 2013.[12]  (JA 2857-2868).  Crane Co. responded on May 2, 2013 in a filing

---

[11]  The district court treated Plaintiff's Abandonment and Request for Remand as a Motion to Amend the Complaint and Motion for Remand, respectively.  (JA 2999, 3011).

[12] The district court treated Plaintiff's April 18 filing as a reply.  (JA 3001).

the district court treated as a sur-reply  (JA 2932-37, 3001), to which Plaintiff responded on May 6, 2013 in a filing treated as sur-sur-reply by the district court.  (JA 2938-42, 3001).

In its June 6, 2013 Order, the district court considered Plaintiff's Motion to Amend, Motion for Remand and all oppositions and replies thereto.  (JA 2998-3011).  The district court rejected Crane Co.'s objections and granted Plaintiff leave to amend his Complaint; Crane does not appeal that ruling here.    (Appellant's Brief at p. 2).  The district court further concluded that Crane Co. failed to meet the procedural requirements of 28 U.S.C. § 1446(b)(3) for purposes of establishing federal jurisdiction of Plaintiff's gasket claims under 28 U.S.C. § 1442 and lacking primary subject matter jurisdiction and remanded the case pursuant to 28 U.S.C. § 1447 to be consolidated with Plaintiff's other claims rather than exercising supplemental jurisdiction over this one last fragment of plaintiff's case remaining in federal court. (JA 3007).  Crane Co. appeals the district court's June 6, 2013 remand.

Following the filing of Crane Co.'s appeal, Mr. Joyner died.[13]  Upon appointment of Mr. Joyner's daughter, Kathleen R. Wood, as personal

---

[13] Since the filing of Crane Co.'s appeal, the Circuit Court for Baltimore City has, in a ministerial capacity, distributed a copy of the district court's June 6, 2013 order of remand and accompanying memorandum, which all

representative of the Estate of James E. Joyner on September 20, 2013, Plaintiff filed a Notice of Substitution of Parties in both this Court and the Circuit Court for Baltimore City.  (*See* Doc. 25-1).  Plaintiff also filed an amended complaint in the Circuit Court for Baltimore City naming Kathleen R. Wood as Mr. Joyner's personal representative. The amended complaint filed in the Circuit Court for Baltimore City is substantively identical to the amended complaint that was provided to the district court as an exhibit to the briefing submitted in connection with Plaintiff's motion for leave to amend and motion for remand. (JA 2921-31).

The Circuit Court for Baltimore City has set this case for trial on January 14, 2014, and discovery and pre-trial preparation is underway in earnest.[14]

---

parties were previously served with and received actual notice of on June 6, 2013.

[14] Since the district court's June 6, 2013 remand of the case *in toto*, Crane Co. has refused to participate in the state court case, including refusing to respond to properly served discovery requests.  Crane Co.'s refusal contravenes the federal and state rules and persists notwithstanding that the mere notice of appeal in no manner triggers the stay of the underlying proceedings.  A party seeking a stay must timely request one of the federal district court and/or the appropriate appellate court by means recognized under the applicable rules, and such request must be granted.  *See e.g.* Fed. R. App. P. 8.  Crane Co. has not requested any such relief.

## SUMMARY OF ARGUMENT

The fundamental weakness of Crane Co.'s argument is established by the fact that Crane Co. now claims that it is asserting 28 U.S.C. § 1442 as a basis for federal jurisdiction regarding Plaintiff's gasket claims when before Crane Co. conceded – throughout the underlying proceedings and when specifically asked by the district court whether it claimed 28 U.S.C. § 1442 as a basis for the court's jurisdiction over Crane Co.'s gaskets – that it did not claim § 1442 as to its gaskets. The baselessness of Crane Co.'s arguments on appeal stems from this binding concession. Crane Co.'s appeal further demonstrates a fundamental misunderstanding of the district court's ruling.

## I.  June 6, 2013 Ruling Remanding the Case *In Toto*

### A. Appellate review of the June 6, 2013 remand order is not permissible.

First and foremost, Crane Co. fails to realize that its appeal of the district court's June 6, 2013 remand ruling is not subject to appellate review, which ends this Court's analysis and requires no further consideration or inquiry into the merits of Crane Co.'s claim of error. *See* 28 U.S.C. § 1447(d). Specifically, this is because the district court remanded the case under 28 U.S.C. § 1447 citing the absence of subject matter jurisdiction following the district court's determination (i) that Crane Co. failed to assert

a colorable federal defense with respect to its gaskets within 30 days as required by 28 U.S.C. § 1446(b)(3) and was therefore barred from asserting a federal defense as to its gaskets,[15] and (ii) in the absence of any claim against Crane Co. for its valves – which served as the sole basis for Crane Co.'s removal under 28 U.S.C. § 1442(a)(1) – jurisdiction of the sole remaining gasket claims could not exist based on 28 U.S.C. § 1442(a)(1) because Crane Co. failed to timely claim jurisdiction based upon Plaintiff's gasket claims. Crane Co.'s later invocation of federal jurisdiction over the gasket allegations was untimely and a procedural defect.

## B.    Crane Co. erroneously conflates distinct and important concepts.

Equally distorted is Crane Co.'s presentation of the facts relating to the district court's remand of the gasket claims against Crane Co. While only relevant to the extent that the Court does not agree that appellate review is barred, Crane Co. disregards the distinct concepts of (i) legal liability and medical cause, and (ii) legal claims and factual claims (*i.e.* allegations) – and conflates the two in an attempt to mischaracterize the effect of Plaintiff's dismissal of the valve claim. Namely, Crane Co. argues that Plaintiff "filed a notice abandoning his allegation that Crane Co. valves contributed to his

---

[15] Crane Co. never amended nor sought leave to amend its Notice of Removal to assert that Plaintiff's factual allegations regarding Crane Co. gaskets created federal jurisdiction.

injuries." (*See* Appellant's Brief at p. 6). That is not what Plaintiff did nor, by extension, is it what the district court granted Plaintiff leave to do. To be clear, Plaintiff, in seeking leave to amend his complaint, extinguished all factual allegations regarding Crane Co.'s valves and correspondingly sought to dismiss, in totality, all of his claims of *liability* against Crane Co. for its valves, which the district court permitted in the broad discretion it is afforded under the rules.

Crane Co. misleadingly uses the term "claim(s)" interchangeably throughout its brief without regard for the differences between legal allegations (claims) and factual allegations (claims). There cannot be any dispute that Plaintiff's legal claims for strict liability (Count I), breach of warranty based upon Defendants' failure to warn (Count II), negligence (Count III), and aiding, abetting and conspiracy (Count IV) remain intact in Plaintiff's amended complaint. It is equally true that all of Plaintiff's factual allegations (claims) against Crane Co. for its valves have been dismissed. Put otherwise, a legal claim under any theory must be supported by factual allegations/claims sufficient to establish liability.

The district court correctly concluded that Plaintiff's complaint as amended makes clear that Plaintiff is making no factual allegations against Crane Co. for its valves – the only factual allegations that gave rise to a

federal defense – and that there remain no claims of legal liability related to Crane Co.'s valves under Counts I through IV (*i.e.* Plaintiff's valve claims have been dismissed). Having so concluded, the district court properly elected, within its discretion, not to exercise jurisdiction over Plaintiff's gasket claims and remanded Plaintiff's case *in toto*.

### C. The district court properly concluded that a federal defense capable of conferring subject matter jurisdiction no longer existed upon Plaintiff's dismissal of his valve claims.

Just as it did in the underlying proceeding, Crane Co. improperly, and without basis, devotes the majority of its appeal to newfound claims that Plaintiff's allegations of exposure to its gaskets gives rise to the assertion of a "federal defense" – while contemporaneously arguing that Mr. Joyner could not have used Cranite because Cranite was never approved by the U.S. Navy and therefore could "not have been ordered for use on Naval vessels through the procurement process." (JA 2732; *see also* Appellant's Brief at p. 22, n.7). Crane Co. claims on one hand that it never manufactured, designed or supplied gaskets pursuant to Navy specifications (*i.e.* a federal officer), and on the other that it is absolved of liability on the grounds that it did just that.

Crane Co.'s claims are irreconcilably inconsistent. Most importantly, however, for this Court's purposes, is that Crane Co.'s claimed entitlement

of the government contractor defense was procedurally barred under 28 U.S.C. § 1446 as a matter law for the reasons articulated by the district court. Because Crane Co. did <u>not</u> remove the case under 28 U.S.C. § 1442 on the grounds that its gaskets gave rise to a federal defense, the district court properly found that its jurisdiction of Plaintiff's gasket claim was exclusively supplemental and not based on subject matter jurisdiction. Coming full circle, the portion of district court's June 6, 2013 that Crane Co. appeals is not reviewable because the district court remanded this claim in its discretion pursuant to 28 U.S.C. § 1447.[16]

---

[16] As an aside, had Crane Co. timely "alleged" that its gaskets gave rise to removal under § 1442 such that it met the procedural hurdles requisite to removal (which it did not), it remains that Crane Co.'s removal would not have met the substantive requirements necessary to survive a motion to remand because Crane Co. cannot establish that it designed its gaskets at the direction or under the control of a federal officer or agent *See e.g. Boyle v. United Tech. Corp*, 487 U.S. 500, 509 (finding that government contractor defense does not apply to injury caused by "stock" item or "standard equipment"); *see also In Re Related Asbestos Cases*, 453 F.Supp. 1142, 1151-1152 (N.D.Cal. 1982) (government contractor defense may not be applicable if defendants merely supplied Navy with same products supplied for non-military use and had not specifically manufactured asbestos products pursuant to government specifications); *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 812 (9th Cir. 1992) (government contractor defense not applicable when the product is a stock item that was not ". . . manufactured with the special needs of the military in mind"). The district court was never asked to rule on this, however, because the jurisdictional fight was fought solely on the question of valves.

Further, in keeping with Crane Co.'s pattern of distortion, Crane Co. conflates § 1442's right to remove in circumstances where a federal defense exists (*i.e.* legal claim) with the requirement that the party removing articulate the grounds for removal (*i.e.* factual claim), which necessarily requires the moving party to identify factual allegations sufficient to demonstrate the existence of a colorable defense.  Crane Co. articulated no facts establishing, let alone alleging, a claim that Crane Co.'s gaskets gave rise to a federal defense and jurisdiction of the district court under § 1442 nor did Crane Co. remove the gasket claim under § 1442 as it so conceded in oral argument to the district court.

Again, however, substantive consideration of the federal officer defense need not be reached by the Court in view of Crane Co.'s failure to comply with 28 U.S.C. § 1446 – a fact that cannot be disputed given Crane Co.'s express statements to the district court more than 250 days after the removal deadline that it did not remove the gasket claims under § 1442 nor was it claiming a federal defense as to its gaskets.[17]  (JA 2645-46).

---

[17] The time for Crane Co. to have appealed the district court's March 7, 2013 ruling finding that Crane Co.'s removal only invoked § 1442 as a basis for removal with respect to Plaintiff's claims regarding Crane Co. valves and that the district court had only supplemental jurisdiction of Plaintiff's claims regarding Crane Co.'s gaskets has long since passed.

## II.    March 7, 2013 Ruling Remanding and Severing Claims to State Court

As a threshold matter, Crane has established neither standing to pursue this issue nor this Court's jurisdiction over the district court's March 7, 2013 which (i) declined to exercise supplemental jurisdiction over Plaintiff's claims against all defendants other than Crane Co., and (ii) severed and remanded those claims to the Circuit Court for Baltimore City. (*See* Appellant's Brief at p. 1, Jurisdictional Statement).

Assuming the Court is inclined to consider the merits of Crane Co.'s argument, the district court was well within its authority to sever and remand Plaintiff's claims against all defendants other than Crane Co.  Crane Co.'s arguments regarding what other defendants might claim against it at trial are inherently speculative as no defendant has so asserted in any cross-claim against Crane Co.  More importantly, Crane Co.'s cavalier citation to cases regarding third-party claims ignores completely the fact that Crane Co. is not a third-party defendant in this case.

## ARGUMENT

### I.    STANDARD OF REVIEW

#### A.    June 6, 2013 Ruling

The district court's June 6, 2013 ruling remanding the case under 28 U.S.C. § 1447, which Crane Co. appeals, is not subject to appellate review.

*E.D.ex rel. Darcy v. Pfizer, Inc., 722 F.3d 574* (4th Cir. 2013) (a district court's **remand** based on: (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed is not subject to appealable or reviewable). *See also Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 342 (1976).

Alternatively, assuming *arguendo* that the Court finds that the district court's June 6, 2013 remand is not subject on 28 U.S.C. § 1447's bar against appeal, at best for Crane Co., review of the district court's June 6, 2013 Order is subject to review under abuse of discretion. *See Carlsbad Technology*, 556 U.S. 635, 640 (2009). Because Plaintiff's valve claim served as the only basis for federal jurisdiction at the time Crane Co. removed the case, the district court's jurisdiction over Plaintiff's claim for damages resulting from exposure to Crane Co.'s gaskets was exclusively supplemental, which renders the district court's election to retain and/or decline the exercise of supplemental jurisdiction purely within the district court's discretion and is reviewed under an abuse of discretion.[18] *Id.*

---

[18] Plaintiff's alternative argument is not offered to suggest that 28 U.S.C. § 1447 fails to govern the analysis. Again, the district court's remand of Plaintiff's gasket claims against Crane Co. was premised on the very type of procedural defect contemplated by 28 U.S.C. § 1447(c) and (d).

**B.      March 7, 2013 Ruling**

Assuming *arguendo* that Crane Co. has standing to appeal and timely filed its notice, the Court reviews the district court's March 7, 2013 ruling declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) and severing and remanding all claims other than those against Crane Co. under an abuse of discretion standard. *Carlsbad*, 556 U.S. at 640.

**II.    June 6, 2013 Ruling Remanding the Case *In Toto***

**A. Appellate review of the June 6, 2013 remand order is not permissible.**

As addressed *supra*, the district court's remand of Plaintiff's case on June 6, 2013 was premised on its finding that subject matter jurisdiction did not exist upon extinguishment of Plaintiff's dismissal of the only allegations that gave rise to Crane Co.'s invocation of 28 U.S.C. § 1442 because Crane Co. failed to meet the procedural requirements of 28 U.S.C. § 1446.  (JA 3007-08).  In doing so, the district court identified the statutory authority at issue and found that 28 U.S.C. § 1447(c) and 28 U.S.C. § 1446 governed its analysis:

> 28 U.S.C. § 1447(c) provides that "[a] motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal under section 1446(a)." Where the basis of remand is the lack of subject matter jurisdiction, however, the thirty-day limitation is inapplicable and . . . remand [may be sought] at any time.

(JA 3007).

While the prohibition against review is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c) based on a district court's lack of subject matter jurisdiction, or a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed, it is clear that 28 U.S.C. § 1447(c) served as the basis of the district court's remand of this case.

It is equally clear that even where the district court's remand under 1447(c) is erroneous, appellate review is barred. *Thermtron Products,* 423 U.S. at 342.[19] The scope of 1447(c)'s bar against appellate review extends

---

[19] *See also Things Remembered v. Petrarca,* 516 U.S. 124, 127-28 (1995):

> As we explained in *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U.S. 336, 46 L. Ed. 2d 542, 96 S. Ct. 584 (1976), § 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). *Id.*, at 345-346. As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction -- the grounds for remand recognized by § 1447(c) -- a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).

> Section 1447(d) bars appellate review of the remand order in this case. As noted, § 1447(d) precludes appellate review of any order "remanding a case to the State court from which it was removed."

to even those rulings that are legally wrong. Crane Co. disregards this and does that which it is prohibited from – substitutes its judgment for that of the district court and asks this Court to do the same.[20]

---

> The parties do not dispute that the District Court's order remanded this case to the Ohio state court from which it came. There is also no dispute that the District Court remanded this case on grounds of untimely removal, precisely the type of removal defect contemplated by § 1447(c). Section 1447(d) thus compels the conclusion that the District Court's order is "not reviewable on appeal or otherwise." See *Gravitt* v. *Southwestern Bell Telephone Co.*, 430 U.S. 723, 52 L. Ed. 2d 1, 97 S. Ct. 1439 (1977)*(per curiam)*.

[20] Crane Co. conflates supplemental or pendent jurisdiction with subject matter jurisdiction, two clearly distinct concepts as demonstrated by Crane Co.'s own citations in purported support of its argument. In particular, Crane Co. cites *Henry v. Indep. Am. Savs. Ass'n,* 857 F.2d 995 (5th Cir. 1988), a Fifth Circuit opinion relying on *Boelens v. Redman Homes, Inc.,* 759 F.2d 504 (5th Cir. 1985) which was criticized by the United States Supreme Court in *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988). Notwithstanding the Supreme Court's criticism, the Fifth Circuit itself distinguishes between the concepts of subject matter and supplemental or pendent jurisdiction, stating that its belief that extinguishment of the "federal claim that made removal possible does not deprive the federal court to hear the case" can be read in concert with and remain consistent with the Supreme Court's holding in *Carnegie-Mellon* that upon extinguishment or dismissal of the claims giving rise to federal subject matter jurisdiction, a federal court may choose not to hear the pendent state court claims (under its supplemental jurisdiction) and remand the case to state court or dismiss it as it sees fit. (*Henry,* 857 F.2d at 998; *Carnegie-Mellon,* 484 U.S. at 622). Put otherwise, whether *Henry* and its progeny can be read in concert with *Carnegie-Mellon* is not particularly relevant when Supreme Court precedent makes clear that the court may *freely* permit Plaintiff to dismiss the claim/allegations that gave rise to federal jurisdiction, and may further, within its utter *discretion*, decline to exercise supplemental jurisdiction over any and all state law claims. While Crane Co. inexplicably omitted

In sum, where the district court concludes that 28 U.S.C. § 1447(c) was implicated and served as the basis for its remand, its ruling must stand. Accordingly, the case is not subject to appellate review. This ends the Court's analysis and Crane Co.'s appeal should be denied without further inquiry.

### B. Plaintiff's amended complaint dismissed all factual allegations against Crane Co. for its valves, which served as the sole basis under which Crane Co. removed the case under § 1442.

The district court properly concluded that Plaintiff's amended complaint dismissed all factual claims against Crane Co. for its valves. The district court considered Crane Co.'s inherently conflicting arguments and rejected them. The district court recognized the differences between "jurisdictional disclaimers" and the dismissal or the extinguishment of claims. (JA 3004-05). Despite this, Crane Co. renews on appeal this very argument – namely, that Plaintiff's dismissal of all claims as to Crane Co.'s valves is tantamount to a "disclaimer" effected by "artful pleading" in a bald attempt to disclaim any facts or claims that might invoke federal jurisdiction.

---

reference to *Carnegie-Mellon* in its brief, the *very cases it did cite* demonstrate this. *See e.g. Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611 (4th Cir. 2001).

The cases cited by Crane Co. do not support Crane Co.'s argument. As the district court in the instant case found, there are significant differences between jurisdictional disclaimers and extinguishment of claims, and that the concerns applicable in the context of jurisdictional disclaimers that operate to deprive outright a defendant's arguable right to removal are "inapplicable in the context of a claim disclaimer." (JA 3005). In particular, the district court emphasized the inapplicability of *In re: Asbestos Liability Litigation (No. IV) (Barnes)*, 770 F. Supp. 2d 736 (E.D. Pa. 2011) (a case relied on by Crane Co. both in the district court and in its appeals),[21] explaining as follows:

> [In the instant case], a federal court has already deemed Crane Co.'s federal defense with respect to its valves to be colorable, and that determination has led Joyner to drop the valve claim. Crane Co. cannot reasonably maintain it will suffer prejudice if Joyner elects not to seek damages for injuries that Crane Co. allegedly caused. The claim disclaimer will also not shift Crane Co.'s damages onto other defendants.
>
> * * *
>
> The validity of Crane Co.'s federal defense with respect to the valves is immaterial, as Crane Co. would no longer face liability as to its valves.[22]

---

[21] Crane Co. also cites *Jarvis v. Roberts*, 489 F. Supp. 924 (W.D. Tex. 1980), which is inapplicable for similar reasons.

[22] Crane Co.'s arguments regarding cross-claims are unsupported. (Appellant's Brief at pp. 20-21). Crane Co. argues that it can remove the case based upon being a third-party defendant when it is not a third party defendant in the case. Additionally, the case law Crane Co. cites to support

(JA 3005).

The district court recognized Plaintiff's right, as master of his complaint, to restrict its scope and sculpt its language to avoid federal jurisdiction and permitted Plaintiff to dismiss its valve claim and all factual allegations related thereto.  (JA 3006, citing *Johnson v. Advance America*, 549 F.3d 932, 937 (4th Cir. 2008); *see also Carnegie-Mellon,* 484 U.S. 343, and *Shilling v. Northwestern Mut. Life Ins. Co.,* 423 F. Supp. 2d 513, 519 & n.11) (D.Md. 2006)*.*  As Crane confirms in its brief, "dismissing a claim would be capable of having the effect of extinguishing the basis for jurisdiction." (Appellant's Brief at p. 16).  That is exactly what has occurred here, regardless of whether Crane Co. simply lacks an understanding of these concepts or has elected to feign ignorance of them.  Moreover, Crane

---

its flawed argument involved third-parties (specifically, federal agencies or arms of the federal government) that were named separate and apart from Plaintiff's complaint and which maintained an independent basis for a §1442 defense or other independent federal jurisdictional grounds.

Moreover, Crane Co. brazenly asserts that "at trial [its] co-defendants will support their pending cross-claims against Crane Co. with allegations Plaintiff made at his deposition that he was exposed to asbestos from Crane Co. valves." (Appellant's Brief at p. 20).  Crane Co. disregards the fact that no other defendant has so claimed at this point and that any future such claim would not create federal jurisdiction as jurisdiction will not spring from cross-claims.

Co. concedes that the district court was within its discretion to allow

Plaintiff leave to amend and that issue is not on appeal.[23]

**C.    The district court properly concluded that a federal defense capable of conferring subject matter jurisdiction no longer existed upon Plaintiff's dismissal of his valve claims.**

Crane Co.'s valves are the only product Crane Co. alleged gave rise to

a federal defense when removing this case and, therefore, constitutes the

only factual claim that conferred on the district subject matter jurisdiction

under § 1442 to hear this case.[24]  Upon extinguishment of that factual claim,

---

[23] Any claim that a district court's order granting leave to amend a complaint is reviewed under an abuse of discretion standard. Again, though, that issue is not on appeal.

[24] The district court's March 7, 2013 ruling finding that Crane Co.'s removal only invoked § 1442 with respect to Plaintiff's claims regarding Crane Co. valves such that the district court's jurisdiction over the gasket claim was exclusively supplemental is not at issue on appeal.  In its March 7, 2013 ruling, the district court addressed the basis of its jurisdiction over the gasket claim, which was confined to supplemental jurisdiction.  The district court also addressed this in its June 6, 2013 Order.  (JA 3006-09). Crane Co.'s argument on appeal that the district court failed to consider whether subject matter jurisdiction over the gasket claim remained is unsupported by the record as both the March 7, 2013 Order (JA 2661-79) and June 6, 2013 Order (JA 2998-3011) demonstrate that the district court considered the issue and concluded that subject matter jurisdiction over Plaintiff's claims against Crane Co. for its gaskets did not exist.  The June 6, 2013 ruling further makes clear that the district court found that to the extent Crane Co. intended to invoke 28 U.S.C. § 1442 in connection with its gasket products, it had *not* removed Plaintiff's gasket claims against Crane Co. pursuant to 28 U.S.C. § 1442 in August 2013 and any attempt to extend the removal on that ground was procedurally barred under 28 U.S.C.  § 1446 (JA 3000, 3006-08).

primary subject matter jurisdiction cannot be said to exist. The distinction between federal question or original jurisdiction under 28 U.S.C. §§ 1331 or 1441 and federal court jurisdiction that is conferred by virtue of 28 U.S.C. § 1442 is important. In *Mesa v. California*, 489 U.S. 121 (1989), a seminal case on issues relating to removal on the basis of 28 U.S.C. § 1442, the U.S. Supreme Court addressed the scope of a federal defendant's ability to remove pursuant to § 1442 – not the scope of jurisdiction which Congress has granted the federal courts to hear cases removed under § 1442 – again, concepts Crane Co. conflates. *Mesa*, 489 U.S. at 133-34. Removal under § 1442 is not predicated on the federal court's original jurisdiction. Thus, while Crane Co. cites *Mesa*, among others, in support of its arguments, Crane Co. misses the point.

A federal court faced with considering this very issue observed that the authority granted under § 1442, while susceptible to confusion, is focused on the scope of removability – not the scope of jurisdiction: "[A] close reading of *Mesa* reveals that the . . . Defendants conflate the two types of authority which § 1442 grants, one to federal defendants to remove, and the other to the federal courts to hear the removed case." *Jessup v. Cont'l*

33

*Motors, Inc.*, No. 12-cv-9948, 2013 U.S. Dist. Lexis 9948, *12 (E.D. Pa. Jan. 24, 2013).[25]  *See also Mesa*, 489 U.S. at 136.

Similarly, Crane Co.'s reliance on *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006), yet another case from a foreign circuit not binding on this Court, is misplaced.  *Williams* involved a case filed in state court alleging claims of federal and state law.  *Williams*, 471 F.3d at 976.  In addition to asserting federal claims (as distinguished from a federal defense to state law claims), the requirements of diversity were also satisfied on the face of the complaint. The defendant removed the case, citing only federal question as the basis for removal.  Upon removal, the plaintiff amended his complaint to eliminate the federal claims giving rise to federal question, and then sought remand of the remaining claims, all of which were based on state law.

In remanding the case, the district court concluded that the defendant's failure to articulate diversity as a basis for removal in its notice was fatal.  The Ninth Circuit disagreed, holding that the district court had jurisdiction over the case on all grounds *apparent from the complaint*.  The Ninth Circuit, however, also made clear that if the remand had been based

_____

[25] While *Jessup* is an unpublished district court opinion hailing out of the Third Circuit and is not binding, it persuasively addresses matters at issue in the instant case.

34

on lack of subject matter jurisdiction – as did the district court in the instant case – 28 U.S.C. § 1447(d) would have barred appellate review. *Williams,* 471 F.3d at 977 n.3.

*Williams* is inapposite – first and foremost because neither the plaintiff nor the district court cited § 1447 as a basis for remand. Further, the *Williams* court, in reaching its conclusion, not only takes a position contrary to myriad courts' recognition that failure of the removing party to identify a basis of removal in the notice of removal is fatal,[26] but also turns on factual scenarios where the jurisdiction of the district court is apparent from the face of the complaint.[27]

---

[26] Among the courts that so hold is this Court. *See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 590 (4th Cir. 2006)*; *see also USX Corp. v. Adriatic Ins. Co. (USX), 345 F.3d 190, 205-206 & n.11 (3d Cir. 2003)*; *Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 n. 7 (11th Cir. 2003)*; *Arancio v. Prudential Ins. Co. of America, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002)*; *Lastih v. Elk Corp. of Ala., 140 F. Supp. 2d 166, 168 (D. Conn. 2001)* (Dorsey, J.); 14C Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure ß 3733 (4th ed. 2012) ("In most circumstances . . . defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-preferred basis of removal.").

[27] This is why it cannot be disputed that there is no district court jurisdiction of this case under § 1442 where Crane Co.'s Notice of Removal fails to assert any allegations that it maintains a federal defense – let alone a colorable one – as to its gaskets.

The facts here are contrary to those in *Williams*. The district court concluded (and Crane Co. agrees) that jurisdiction of the district court based on Crane Co.'s federal defense was not apparent on the face of Plaintiff's complaint. This takes the instant matter outside of *Williams*, and Crane Co.'s reliance on *Williams* demonstrates its misunderstanding of the district court's opinion, as well as the legal concepts integral to the Court's analysis. Again conflating legal claims with factual allegations, Crane Co. fails to recognize that factual allegations sufficient to support a finding or claim that a federal defense capable of conferring jurisdiction of the district court exists are a condition precedent to removal under § 1442. The district court emphasized this well-settled principle, explaining:

> Because the federal defense giving rise to federal jurisdiction is ordinarily a state-law claim that only assumes a federal character when the defendant invokes a colorable federal defense, neither the court nor the parties can identify and exclude at the outset of the case those claims that might ultimately give rise to federal jurisdiction.

(JA at 3005).

This is also demonstrated by yet additional cases cited by Crane Co.

*Henry v. Indep. Am. Savs. Ass'n,* 857 F.2d 995 (5th Cir. 1988), as highlighted by Crane Co., "explains that an amendment that, for instance, eliminates a federal party and thus the basis for removal, will not defeat jurisdiction since supplemental jurisdiction still remains," thereby confirms

that once the basis of removal is extinguished, only supplemental jurisdiction remains (Appellant's Brief at p. 15).

Perhaps most telling is Crane Co.'s reliance on *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574 (4th Cir. 2013). Crane Co. cites the case for the proposition that a "district court exceeds its statutory authority when it remands a case 'on grounds that seem justifiable to [the court] but which are not recognized by the controlling statute,'"[28] but fails to inform the Court that in *Darcy,* the Court not only found that the lower court had not exceeded its statutory in determining that it lacked subject matter jurisdiction and remanded the case, but in fact held that the Fourth Circuit had no authority to review the order of remand under 28 U.S.C. § 1447:

> [I]f the district court issued a remand order on the ground that it lacked subject matter jurisdiction, we have no authority to review it. In fact, 'we need not delve into whether the district court was correct to hold that it lacked subject matter jurisdiction over the removed action. Rather, an order issued pursuant to § 1447(c) if the district court perceived that it was without jurisdiction over the cause.'

*Darcy,* 722 F.3d at 581, citing *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 585 (2006).

*Darcy* is particularly on point. The case involved a district court's remand under 28 U.S.C. § 1447 for lack of subject matter jurisdiction following a defendant's removal under diversity of 18 of the 19 plaintiffs

---

[28] *See* Appellant's Brief at p. 13.

claims, each of which were filed in a single lawsuit. The district court's

conclusion regarding whether it had subject matter jurisdiction turned on a

rule of procedure that addressed whether the 19 plaintiffs' claims were one

action or distinct causes of action.  The district court, in considering the rule

of procedure, concluded that diversity – which gave rise to removal and

served as the basis for subject matter jurisdiction  – had not been met and

remanded the case.   This Court declined appellate review pursuant to §

1447's bar, holding:

> The district court's remand order in this case quite obviously
> falls within the ambit of § 1447(c)'s requirement of remand in
> the absence of subject matter jurisdiction. The district court
> remanded the case after explicitly concluding that the
> Pharmaceutical Companies had not established subject matter
> jurisdiction. The district court did so by considering whether a
> state rule of procedure created distinct cases, or whether there
> was one action in which the Dropp family was a party. The
> reason the district court considered West Virginia Rule of Civil
> Procedure 3(a) was simply to determine what parties were
> joined in order to decide jurisdiction. This evaluation was
> plainly a necessary step for the court to determine subject
> matter jurisdiction and is inseverable from that conclusion. As
> we have previously concluded, we cannot review rulings that
> "are simply the necessary legal underpinning to the
> court's  determination that the case was not properly removed.

*Darcy,* 722 F.3d at 581-82.

Similarly, in the instant case, the district court's antecedent

determination to its finding that it lacked subject matter jurisdiction as to

Plaintiff's gasket claims against Crane Co. turned on consideration of a

procedural rule.  Having already concluded that *only* Plaintiff's valve claims had been removed by Crane Co. under 28 U.S.C. § 1442 such that it had *only supplementary or pendent jurisdiction* of Plaintiff's gasket claims against Crane Co., which were forced to tag along to district court (like the claims against all other defendants), the district court, upon dismissal of Plaintiff's valves claims, considered Crane Co.'s newly asserted argument that primary subject matter jurisdiction existed with respect to the gasket claim.    In doing so, the district court considered 28 U.S.C. § 1446's procedural requirements and concluded that Crane Co. was time-barred from asserting Plaintiff's gasket allegations created a basis for primary subject matter jurisdiction.  Lacking primary subject matter jurisdiction, the district court remanded to state court Plaintiff's gasket claims against Crane Co.

*Jamison v. Wiley*, a case also cited by Crane Co. makes clear that the district court may remand a case to state court if it discovers a defect in removal procedure or a lack of subject matter jurisdiction in the federal court. *Jamison v. Wiley*, 14 F.3d 222 (4th Cir. 1994).  This is exactly what the district court found and what prompted its remand of the instant case under 28 U.S.C. § 1447, bringing the case within the bar of appellate review.

Where, as here, the factual allegations concerning valves, which served as the sole basis for Crane Co.'s claimed federal *defense*, have been

eliminated, primary subject matter jurisdiction of the district court does not rest because Crane Co. did not remove Plaintiff's gasket claims pursuant to § 1442.[29]

### D. Crane Co. failed to assert a federal defense as to its gaskets when invoking 28 U.S.C § 1442 as the basis for the district court's jurisdiction.

Crane Co. continues to argue that "Plaintiff's disclaimer does not dictate whether jurisdiction exists" without regard for the fact that what precludes federal subject matter jurisdiction is Crane Co.'s failures to have alleged – let alone established as colorable – federal defense as to its gaskets. Crane Co.'s failure is demonstrated in and extends to its (i) Notice of Removal (JA 39-50 and attachments), (ii) supplementations thereto (JA 351-1867,  (iii) briefing at remand (JA 2135-2209) and (iv) representations

---

[29] The district court spent significant time addressing the propriety of Plaintiff's motion for leave to amend his complaint and concluded that Federal Rule of Civil Procedure 15(a) authorized the relief sought. Crane Co.'s reliance on cases addressing Rule 41 is, therefore, not relevant to this Court because the district court's order granting leave has not been appealed.

Along such lines, Crane Co., in its brief, argues that because Plaintiff had not filed an amended complaint extinguishing his valve allegations in state court, remand by the district court improper.  Plaintiff could not file an amended complaint in the district court without leave, and the state court did not have jurisdiction over Plaintiff's claims against Crane Co. until the district court granted Plaintiff leave to amend and remanded the case.  Since such time that the district court granted Plaintiff leave, and the case was remanded *in toto* to state court, the Estate was substituted for Mr. Joyner and Plaintiff's amended complaint has been filed in state court.

to the district court during oral argument (JA 2645-46).  As the district court
explained:

> Insofar that Crane Co. can assert a colorable defense with
> respect to its gaskets, Crane Co. first ascertained, or should
> have ascertained the pertinence of that defense during Joyner's
> deposition.[30]  That is when Crane Co. first ascertained, by its
> own admission, that it has a colorable federal defense with
> respect to its valves.  Crane Co. failed to assert that defense as
> as a basis for removal within thirty  . . . and § 1446(b) bars
> Crane Co. from asserting the defense as a basis for removal
> now.

(JA 3008).

Despite being afforded ample opportunity to oppose Plaintiff's

motions, and take issue with Plaintiff's factually and legally supported

statements that  (i) Crane's removal was confined to strictly to its valves,

and (ii) any claims against Crane for its Cranite gaskets neither implicated

28 U.S.C. § 1442(a)(1) nor satisfied the requisite colorability threshold

considerations under 1442(a)(1),[31] Crane never objected nor disputed these

facts.[32]  Crane Co.'s claim that it "clarified its intent to assert [a federal

---

[30] This is the latest date at which Crane Co. could have been first placed on
notice. (See e.g. JA 268-335).

[31] See JA 1880-1902, 2111-20, 2278-94, 2602-06.

[32] This was again addressed in briefing Plaintiff's Motion for Leave to
Amend and Motion for Remand following the district court's March 7, 2013
ruling.  (JA 2857-68, 2938-42). At no time did Crane Co. argue that
Plaintiff's or the district court incorrectly identified valves as the only

defense] with respect to damages allegedly caused by Cranite in its briefing on the remand issues" is simply not true. (Appellant's Brief at p. 23, n.8). Again, as of the February 8, 2013 hearing on Plaintiff's Motion to Remand, Crane Co. maintained that it had not briefed and was not claiming that it was entitled to assert a federal defense as to its gaskets, advising the district court that it was not taking a position on that issue. (JA 2645-46, 3008). To be clear, Crane Co.'s *Notice of Removal, supplementation thereto* and *related briefing* at remand was premised on the design and sale of Crane valves – which, again, was the only product that Crane claimed gave rise to jurisdiction of the district court under § 1442. (JA 3008; see also JA 42).[33]

Crane Co., in fact recognizes its failure to have invoked § 1442 as to its gaskets, and points the Court to *Willingham v. Morgan*, 395 U.S. 402 (1969) in support of its argument that regardless of its failure, jurisdiction of the district court under § 1442 should nonetheless remain. *Willingham*,

product Crane Co. claimed gave rise to federal jurisdiction *at the time of removal.* (*See e.g.* JA 2933).

[33] Whether or not Crane Co. could have asserted a federal defense as to its gaskets sufficiently colorable to survive a motion for remand is not an issue this Court need consider. That said, the applicability of the defense as pertains to Cranite was addressed in detail in Plaintiff's remand papers, and the district court, in issuing its ruling, concluded that 28 U.S.C. § 1442 was not invoked by Crane Co. as to Plaintiff's gasket claims, but rather confined to Crane Co. valves.

however, is inapposite. While it is true that the presumption under the federal officer removal statute favors removal for the benefit of the officer involved in the case, it is equally true that the statute requires the removing defendant to file a notice of removal containing "a short, plain statement of the grounds for removal" that must be supported by evidence sufficient to meet the colorability requirements of § 1442. *Willingham* neither abrogates this nor does it support Crane Co.'s argument that the district court "should have provided Crane Co. an opportunity to amend before remanding or looked outside of the remand papers to determine whether jurisdiction existed." (Appellant's Brief at p. 24).

First and foremost, *Willingham* does not address when or under what circumstances that amendments to cure defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653 are permissible nor does it any manner support a finding that Crane Co. should be permitted to do so at this juncture.[34]

Second, Crane Co. has not requested, nor has it sought leave to amend its notice of removal.

Third, and perhaps most importantly, if Crane Co. attempted to do so at this point, it would be estopped. The district court, in considering Crane

---

[34] In fact, the need to amend defective jurisdictional allegations confirms that jurisdiction on the basis of an imperfectly plead claim of jurisdiction (or where the basis is not plead at all) cannot be exercised. Otherwise, there would be no need to invoke 1653.

Co.'s Notice of Removal and Plaintiff's objections thereto, broadly construed § 1442  (JA 2666-76) and already looked beyond the Notice itself and considered the supplemental filings (including affidavits) filed by Crane Co. (*See e.g.* JA 2665, 2670-71).    These supplementations of the record were submitted by Crane Co. in response to Plaintiff's Motion for Remand and Motion for Severance, which made clear that Crane Co.'s valves were the only product that Crane Co. claimed gave rise to jurisdiction under § 1442.  Crane Co. never disputed this.  To the contrary, at argument on the initial Motion for Remand, Crane Co. conceded that its sole basis for removal was confined to valves.   (JA 2645-46). None of the additional information Crane Co. provided to the Court even alleged that Crane Co. was claiming a federal defense as to its gaskets for purposes of removal under § 1442.[35]

In sum, the existence of federal court jurisdiction under § 1442(a)(1) unequivocally requires that the removal not only occur within the prescribed time limit, but that it also articulate the basis for removal and that such basis

---

[35] Crane Co.'s purported assertion of 28 U.S.C. § 1442 as to its gaskets did not occur until April 11, 2013 (JA 2730-38) when it objected to Plaintiff's March 28, 2013 Motion for Leave to Amend and Motion for Remand.  (JA 2722-23).   Well prior to 30 days from being notified for the first time of Crane Co.'s claimed reliance on § 1442 in connection with its gaskets, Plaintiff identified 28 U.S.C. § 1446 as a procedural bar to Crane Co.'s invocation of § 1442 – just as Plaintiff pre-emptively did in his initial briefing on his Motion for Remand and Severance. (JA 2857-68, 2938-42)

constitutes a colorable defense.  The only product Crane claimed gave rise to removal was its valves.  It did not articulate or set forth in any respect that its Cranite gaskets met the colorability requirements implicit in invocation of 28 U.S.C. § 1442 nor did it remove Plaintiff's gasket claims under § 1442 and Plaintiff's gasket claims, along with all other claims tagged along by virtue of 28 U.S.C. § 1441(c)(1)(B).

To the extent Crane Co. now claims it had intended to assert §1442 at some future point as a basis for removal or jurisdiction in connection with its gaskets, the district court properly concluded that Crane Co. had failed to meet the procedural requirements of 28 U.S.C. § 1446 and was, therefore, procedurally time-barred from removing the case to federal court which necessarily precludes Crane Co. from relying on § 1442 to confer jurisdiction of the district court. The district court also properly considered whether subject matter jurisdiction existed after Plaintiff dismissed his valve claim and, concluding that it did not, remanded the case pursuant to 28 U.S.C. § 1447.   Consequently, Crane Co.'s claim that the district court erred when it failed to consider whether subject matter jurisdiction is untenable.

**III.**   **March 7, 2013 Order Remanding and Severing All Claims with the Exception of Those Against Crane Co.**

**A.  Crane Co. has not established standing to pursue this issue, nor has it established the procedural prerequisites to this Court's jurisdiction.**

45

Crane has established neither standing to pursue this issue nor this Court's jurisdiction over the district court's March 7, 2013 decision in which the district court (i) declined to exercise supplemental jurisdiction over Plaintiff's claims against all defendants other than Crane Co., and (ii) severed and remanded of those claims to the Circuit Court for Baltimore City. (*See* Appellant's Brief at p. 1, Jurisdictional Statement).

First, the district court's March 7, 2013 remand and severance of all claims other than those against Crane Co. cannot be said to prejudice Crane Co. Crane Co. asked for and received the precise relief it requested when the district court denied, in part, Plaintiff's September 4, 2012 Motion to Remand and September 14, 2012 Motion for Severance and retained jurisdiction over all of Plaintiff's claims against Crane Co.

Second, Crane Co.'s brief in no manner comports with the Appellate Rules' requirements, which serves as an independent basis to the procedural bar against appellate review. First and foremost, Crane Co.'s Jurisdictional Statement is void of any reference to the district court's March 7, 2013 Order in disregard of Rule 28 of the Federal Rules of Appellate Procedure, which provides, in part:

> (4) a jurisdictional statement, including:
> (A) the basis for the district court's or agency's subject-matter

jurisdiction, with citations to applicable statutory provisions
and stating relevant facts establishing jurisdiction;
(B) the basis for the court of appeals' jurisdiction, with citations
to applicable statutory provisions and stating relevant facts
establishing
jurisdiction;
(C) the filing dates establishing the timeliness of the appeal or
petition for review; and
(D) an assertion that the appeal is from a final order or
judgment that disposes of all parties' claims, or information
establishing the court of appeals' jurisdiction on some other
basis.

Fed. R. App. P. 28(4)(A)-(D).

Third, also in violation of Rule 28, Crane Co. cites no authority
establishing that a Motion for Reconsideration tolled the time to appeal those
portions of the district court's March 7, 2013 Order that Crane Co. sought
reconsideration of.[36]  Crane Co.'s notice of appeal was filed on July 8, 2013,
well beyond the 30-day deadline provided in Fed. R. App. P. 4(a)(1)(A).
Assuming, therefore, for argument sake that Crane Co. has standing to
pursue the appeal, the absence of such "tolling" authority rendered April 8,
2013 the deadline by which a Notice of Appeal had to be filed.  Moreover, to
the extent that Crane Co. attempts to argue via reply that an exception to the

---

[36] Crane Co.'s Motion for Reconsideration was strictly confined to the
district court's March 7, 2013 ruling severing and remanding all claims other
than those against Crane Co.  Crane Co. did not seek reconsideration of the
district court's March 7, 2013 ruling in which it held that 28 U.S.C. § 1442
was applicable only to Crane Co.'s valves and that it had only supplemental
jurisdiction over Plaintiff's gasket claims.  As Crane Co. makes clear on
appeal, it is not appealing that holding.

30-day deadline provided in Rule 4 applies, Crane Co. would be mistaken.

Rule 4 states:

> (4) Effect of a Motion on a Notice of Appeal.
>
>   (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> > (i) for judgment under Rule 50(b);
> > (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> > (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> > (iv) to alter or amend the judgment under Rule 59;
> > (v) for a new trial under Rule 59; or
> > (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(A)(i)-(vi).

Crane Co.'s Motion for Reconsideration neither invokes nor was filed pursuant to Federal Rule of Civil Procedure 59 or 60 and, therefore, its filing did not toll the time for appeal.

## B. The district court properly exercised its discretion to sever and remand all claims identified in its March 7, 2013 Order.

Assuming *arguendo* that Crane Co. in fact meets the procedural requisites to Court consideration of the March 7, 2013 remand and severance, the district court was well within its authority to decline the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.   Crane Co.

has not cited a single case in which this Court or any other has held that that the remand and severance of claims over which only supplemental jurisdiction existed constitutes an abuse of discretion.[37]

Moreover, the cases Crane Co. cites identify the factors relevant to consideration of this issue, *each of which the district court in this case considered* in reaching its decision not to exercise supplemental jurisdiction. (JA 2677, citing *e.g. Hinson*, 239 F.3d at 617).

Equally flawed is Crane Co.'s argument that "the district court abused its discretion by declining to exercise supplemental jurisdiction under section 1367(c)(2) because the claims alleged against other tortfeasors other than Crane Co. do not substantially predemoninate in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  (Appellant's Brief at p. 26).  Crane Co. again conflates legal claims and factual claims, failing to recognize that the facts (*i.e.* proof) supporting Plaintiff's claims against each of the defendants are not synonymous with the legal causes of action pursued.    Put otherwise, each defendant

---

[37] To the contrary, the cases cited by Crane Co. are simply district court rulings reflecting the respective court's right to exercise or decline supplemental jurisdiction within its discretion.

manufactured a precise product for which it is liable.[38] This requires Plaintiff to submit evidence unique to each defendant for purposes of establishing not only that the product was a medical cause of Mr. Joyner's disease, but also that each element of the causes of action Plaintiff is pursuing has been met as to each defendant. Crane Co. also ignores the well-established and irrefutable fact that *all* of Plaintiff's claims – including those against Crane Co. – are state-law based claims.[39]   To argue that Plaintiff's state law claims do not predominate is, simply, confounding.

The soundness of the district court's decision is further demonstrated by the well-settled principle that "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)(internal citations omitted). To provide further context of this principle in the confines of this case, the Supreme Court of the United States has stated that section 1442(a) – the only

_____

[38] Plaintiff's claims against Metropolitan Life are not related to any product made by Metropolitan Life.

[39] As addressed *supra*, § 1442 permits a defendant to remove state-law claims to federal court upon a showing that the defendant is entitled to the benefit of the federal defense.  Removal under § 1442 does not convert state law claims into federal claims.  Rather, it simply provides a vehicle to permit federal jurisdiction of claims that it would otherwise be prohibited from exercising jurisdiction over.

basis under which Plaintiff's case found itself in federal court – is "a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. Section 1442(a), therefore, cannot independently support Art. III 'arising under' jurisdiction." *Mesa,* 489 U.S. at 136. "Federal officer removal *must be* predicated on the allegation of a colorable federal defense." *Id.* at 129 (emphasis added).

As previously laid out by Plaintiff, none of defendants in this case, with the exception of Crane Co., removed this case under § 1442. Rather, like Plaintiff, they were plucked from state court and forced by Crane Co. to federal court. The district court properly declined to exercise supplemental jurisdiction over Plaintiff's claims against them after considering all relevant factors. (JA 2677).[40]

Put simply, the district court's March 7, 2013 remand of all claims other than those against Crane Co. was made pursuant to the discretion afforded the district court under 28 U.S.C. § 1367 and cannot be disturbed

---

[40] *See also Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1330 (E.D. La. 1994)(severing remaining state law claims in asbestos products liability action from the lone claim asserting a defense under *Boyle*, noting "[t]he Court has quickly studied the many authorities and found not one which held that the lone federal claim cannot be severed from the many state law claims"). While not binding, the court's analysis persuasively addresses similar issues instructive to court consideration of this matter.

on appeal given the utter absence of authority establishing that such purely discretionary rulings are subject to reversal.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that this Court deem the issues Crane Co. presents on appeal regarding the district court's June 6, 2013 Order barred from appellate review under 28 U.S.C. § 1447 and deny it. Alternatively, Plaintiff requests that the Court affirm the district court's June 6, 2013 ruling remanding Plaintiff's remaining claims against Crane Co. for consolidation with the claims against other defendants that were previously remanded to the Circuit Court for Baltimore City.

Plaintiff further requests, for the above stated reasons, that the Court deny Crane Co.'s appeal of the district court's March 7, 2013 ruling that severed and remanded all of Plaintiff's claims with the exception of those against Crane Co. on the basis the Crane Co. has not established jurisdiction of this Court. Alternatively, Plaintiff requests that the Court affirm the district court's March 7, 2013 ruling severing and remanding all of Plaintiff's claims with the exception of those against Crane Co.

Respectfully submitted,

/s/ Jacqueline G.Badders

Ruckdeschel Law Firm, LLC
Jonathan Ruckdeschel
Z. Stephen Horvat
Jacqueline G. Badders
8357 Main Street
Ellicott City, MD 21043
(410) 750-7825

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Federal Rule of
    Appellate Procedure 32(a)(7)(B) because:

    This brief contains 12,802 words, excluding the parts of the
    brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R.
    App. P. 32(a)(5) and the type style requirements of Fed. R. App.
    P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using
    Microsoft Word in Times New Roman 14  point font.

October 11, 2013

/s/ Jacqueline G. Badders

## CERTIFICATE OF SERVICE

I, Jacqueline Gagne Badders, do hereby certify this 11th day of October, 2013, that I filed the required copies of the foregoing Response Brief of Appellee in the Office of the Clerk of the U.S. Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

> K&L Gates, LLP
> Nicholas P. Vari
> Michael J. Ross
> Syed D. Ali
> K&L Gates Center
> 210 Sixth Avenue
> Pittsburgh, PA 15222
>
> MacDonald Law Group, LLC
> Neil J. MacDonald
> 11720 Beltsville Dr., Suite 550
> Beltsville, Maryland 20705

/s/ Jacqueline G. Badders

# STATUTORY SUPPLEMENT

28 U.S.C. § 1367

§ 1367.  Supplemental jurisdiction.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.§ 1441

§ 1441.  Removal of civil actions.

(c) Joinder of Federal law claims and State law claims.

(1) If a civil action includes—

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1442

§ 1442.  Federal officers or agencies sued or prosecuted

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1446

§ 1446.  Procedure for removal of civil actions

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1447

§ 1447.  Procedure after removal generally

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title [28 USCS § 1442 or 1443] shall be reviewable by appeal or otherwise.

Fed. R. App. P. R 4

Rule 4.  Appeal as of Right – When Taken

(a) Appeal in a Civil Case.

(1) Time for Filing a Notice of Appeal.

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

\*     \*     \*

(4) Effect of a Motion on a Notice of Appeal.

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);
(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
(iv) to alter or amend the judgment under Rule 59;
(v) for a new trial under Rule 59; or
(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. R 28

Rule 28.  Briefs

(a) Appellant's Brief. The appellant's brief must contain, under appropriate headings:

(4) a jurisdictional statement, including:

(A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(B) the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(C) the filing dates establishing the timeliness of the appeal or petition for review; and

(D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;